Clifton M. Kimbrough, Howard G. Ulvog, Fred Loomer, Jr., Clarence G. Milligan, Ferdy S. Armovich, and All Contestants of the Puritan Church Lottery, Plaintiffs-Appellees, v. Harrison Parker, Puritan Church, The Church of America, and Jesse L. Stewart, Trading as J. L. Stewart Advertising Company, Defendants.

Harrison Parker and Puritan Church, The Church of America, Defendants-Appellants.

Gen. No. 45,412.

Opinion filed October 24, 1951. Released for publication November 21, 1951.

STEPHEN LEE, of Chicago, for appellants.

WILLIAM E. COLLINS, of Rockford, for appellees.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a suit by five contestants in a puzzle contest conducted under the auspices of defendant Puritan Church. The complaint prayed for imposition of a trust upon the proceeds of the contest, and for related relief. A decree based on a master's report was for the most part in favor of plaintiffs. Defendants Parker and Puritan Church appealed directly to the Supreme Court. The cause was transferred to this court because the Supreme Court had no jurisdiction. [*Kimbrough v. Parker*] 407 Ill. 274.

The master's report was confirmed in most respects by the decree. The master found that the Puritan Church was organized as a religious corporation under Illinois law and that Parker was its chancellor; that on or about August 3, 1947, Parker, as the agent of the church undertook the promotion of a contest to be publicized throughout the United States, the proceeds of which were purportedly to be used to build a Puritan Meeting House; that individually and as agent of the church, Parker on September 8, 1947 caused a Rockford newspaper to publish an advertisement setting out the details of the contest; that as a preliminary to this contest, other contests with smaller prizes but not calling for donations were likewise advertised and were conducted in such a way as to invite contestants to participate in a later contest similar to and subsequently supplanted by the instant contest; and that plaintiffs promptly submitted "correct and identical solutions" to the contest advertised September 8, 1947 in accordance with the published terms.

484

The master further found that the contest was fradulent; that solution of the contest did not require normal intelligence and was so simple that it was likely that most contestants would submit identical correct answers; that there was no intention of paying prizes or premiums; that the acknowledgments were made only to stimulate further donations; that it was clear that the preliminary contest was an inducement to the subsequent contest though some prizes were given in the preliminary contest; and that no effort was made to select judges in accordance with the terms of the advertisement.

The master further found that the Puritan Church was not a bona fide religious organization; that a La Grange office above a drugstore was the only physical evidence of the church; that there was no congregation and no need for a meeting house; that Parker admitted that the sum of $230,574.26 on deposit January 30, 1948 was the proceeds of the contest; that these funds were never intended for religious use and that there was no intention to pay prizes; and that the whole scheme was intended to enrich Parker and others.

The decree in accordance with recommendations of the master found that common questions of law and fact between the several thousand contestants and the defendants justified the instant suit as a class action; that the puzzle contest was a fraud on the plaintiffs and the numerous persons throughout the United States represented in the suit, and that sums in excess of $230,574.26 were the proceeds of the fraud. The chancellor decreed a judgment in favor of all contestants according to their contributions in the amount of $230,-574.26; imposed a constructive trust on all funds derived from the contest with the defendants as trustees; appointed a receiver; and ordered an accounting and distribution to the contestants including plaintiffs as their interests might appear.

485

The questions presented are whether the chancellor erred in finding that this was a class suit and whether there was any "proof of fraud by that clear and convincing evidence that the law requires."

█ We think the chancellor correctly decided that this suit was properly maintainable as a class suit: On December 16, 1947, thirty-three hundred entries had been received from the United States and foreign countries. There is a common fund from which contributions are to be returned. The contributions are of small amounts. The inducements were substantially the same for all contestants since there were no personal solicitations. The issues between all contestants and defendants are the same. There are no actual or potential conflicts of interest. The five plaintiffs are fairly representative and have fairly presented contestants' side of the common issues. The sum of the foregoing elements we think convincingly sustains the chancellor's decision. *Heine v. Degen,* 362 Ill. 357, 365; *Queenan v. Palmer,* 117 Ill. 619, 626; *Flanagan v. Chicago,* 311 Ill. App. 135, 160; *Babka Plastering Co. v. City State Bank of Chicago,* 264 Ill. App. 142, 153–154; *Wilkinson v. Heberling et al.,* 231 Ill. App. 516, 541; *Weeks v. Bareco Oil Co. et al.,* 125 F. (2d) 84, 94.

This conclusion is consistent with decisions in cases cited by defendants which are easily distinguishable on their facts. In *Langson v. Goldberg,* 373 Ill. 297, 301, cited by defendants, *Brenner v. Title Guarantee and Trust Co.,* 276 N. Y. 230 was cited to the statement that an action for relief based on fraud was personal to the person who suffered fraud and could not be the basis of a representative suit. The *Langson dictum* was written in reference to a prayer for cancellation of waivers (in a specific performance suit) on the basis of fraud. The *Brenner* case, however, was a law suit for recovery of face amounts of mortgage certificates, and the court said that such recovery would presuppose

repudiation of the only ties plaintiffs had in common with other holders, where repudiation made and relied on in each sale could be different.

■ The remaining contention is that there was no convincing evidence of fraud introduced. There is testimony, and reasonable inferences therefrom, that the plaintiffs and other contestants entered the contest through the inducement of the newspaper advertisements in the fall of 1947; that the advertisements stated the purpose of the contest was to raise money for a "big new Puritan Meeting House at La Grange, Illinois"; that $5,000 cash prizes would be "positively paid promptly" with $1,000 extra "just for being prompt"; that plaintiffs would not have entered the contest had the church not been represented as beneficiary; that plaintiffs who made donations of less than the $12 maximum were written that they had tied for first place and were urged to increase their donations to the maximum so as to qualify for the first prize; that plaintiffs who donated the maximum received no acknowledgment and those who increased their donations received no further acknowledgment; that their demands were unheeded; that the physical church was at one time a room at 231 E. Ontario Street in Chicago, and at another time in an office above a drugstore in La Grange; that Parker was chancellor and that he and his wife and sister constituted the governing body of the church; that there were no "church members" in La Grange; that the "church" had no theology, congregation or services; that a picture used in the contest was of a church in Massachusetts; that though some of the plaintiffs and other contestants were tied for first prize and would be sent a tie-breaker puzzle, no tie breakers had been sent at the time of trial in August, 1948; and that at the time of trial no judges had been selected to choose the winners of the contest, nor had a closing date or date for awarding prizes been set.

We think this testimony, and the justifiable inference that defendants did not intend to do what was represented, is sufficient for our conclusion that there was evidence which tended to show clearly and convincingly that defendants made false representations upon which -the contestants relied.

The order for judgment of $230,574.26 in the decree reads "judgment be and the same is hereby entered against said defendants, Harrison Parker and the Puritan Church—The Church of America, in favor of all of the contestants contributing monies. . . ." This judgment is invalid for uncertainty of plaintiffs. *Bibbs v. Dorsey,* 341 Ill. App. 250.

The invalidity of the order for judgment in the decree does not affect the validity of the rest of the decree. The judgment order for $230,574.26 is reversed, and the decree is affirmed as modified.

*Decree affirmed as modified.*

Lewe and Feinberg, JJ., concur.