The People of the State of Illinois, on the Relation of Victor B. Aramburu, et al., and Said Relators on Behalf of Themselves and All Other Persons Similarly Situated, Plaintiffs-Appellants, v. City of Chicago, a Municipal Corporation, and Sidney D. Smith, Acting Commissioner of Buildings, Department of Buildings of the City of Chicago, Defendants-Appellees.

Gen. No. 50,310.

First District, Fourth Division.

July 15, 1966.

Johnson, Colmar, De Pree, La Varre & Fitzgerald, of Chicago (Howard J. De Pree, of counsel), for appellants.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellees.

Anthony S. Zummer, of Chicago, for Consulting Engineers Association of Illinois, Chicago Chapter of Illinois Society of Professional Engineers, amicus curiae.

Marvin W. Mindes, of Chicago (Stephen A. Schiller, of counsel), for Chicago Chapter, American Institute of Architects, amicus curiae.

MR. JUSTICE McCORMICK delivered the opinion of the court.

An action was brought by the plaintiffs for a writ of mandamus to command the City of Chicago and Sidney D. Smith, Acting Commissioner of Buildings, City of Chicago, to do certain acts alleged to be required under an ordinance of the City of Chicago. The complaint asks first for a declaratory judgment to declare the rights and other legal relations of the plaintiffs and defendants created by reason of the statutory provisions of the State of Illinois and an ordinance of the City of Chicago. The amended complaint was filed as a representative action for the plaintiffs and others similarly situated. On motion of defendants the amended complaint was dismissed and judgment was entered in favor of the defendants.

In the amended complaint it is set out that the enumerated plaintiffs are engineers duly registered under the Professional Engineering Act of the State of Illinois and are actively engaged in the practices allowed under the said statute. It is further alleged that the plaintiffs join in the suit under section 23 of chapter 110 of Illinois Revised Statutes (1965); that if separate actions were brought on their several causes of action, a common question of both law and fact would arise; and that plaintiffs bring this suit for themselves and other persons in similar circumstances. The amended complaint sets out chapter 45, paragraph 45–2 of the Municipal Code of Chicago, as well as the following other provisions:

"45–2. No plans shall be approved for permit unless such plans are signed and sealed either by an architect licensed to practice architecture, as pro-

vided by the *Illinois Architectural Act,* or by a structural engineer licensed to practice structural engineering, as provided by the *Illinois Structural Engineering Act,* or by a registered professional engineer licensed to practice professional engineering as provided by *The Illinois Professional Engineering Act,* provided, however, that the person who signs and seals such plans shall be permitted to do so within the limitations of the particular act under which he is licensed to practice, and provided further, that plans for installations which involve the design of or changes in the supporting structure or which materially affect the structural loadings must be signed and sealed by an architect or structural engineer duly licensed as aforesaid. [Amend Coun J 7–22–49, p 4609.]"

Ill Rev Stats 1963—Professional Engineering Act, ch 48½, § 33:

"A person practices professional engineering, within the meaning of this Act, who plans or designs the physical parts of the following: railroads, railways, highways, subways, tunnels, canals, harbors, river improvements, docks and drydocks; levees; irrigation works; aircraft, airports and landing fields; waterworks, sewers; sewage disposal works; plants for the generation of power; engines or motors for the utilization of power; boilers; refrigeration plants; air conditioning plants; heating plants; plants for the transmission or distribution of power; electrical plants which produce, transmit, distribute, or utilize electrical energy; works for the extraction of minerals from the earth; plants for the refining, alloying or treating of metal; chemical works and industrial plants involving the use of chemical and chemical processes. . . ."

Ill Rev Stats 1965—Architects, ch 10½ § 2:

"Architect means a person who is technically qualified and registered under the laws of this State to practice architecture. The practice of architecture within the meaning and intent of this Act includes the offering or furnishing of any professional services such as consultation, planning, aesthetic and structural design, drawings and specifications, or responsible supervision of construction, or erection, in connection with the construction of any private or public buildings, building structures, building projects, or addition to or alteration thereof." [As amended by Act approved July 11, 1957.]

Ill Rev Stats 1963 ch 48½, § 34:

"The practices and acts described in paragraphs 1 to 15 inclusive of this Section are exempt from the provisions of this Act:
"1. The practice of structural engineering as defined in the 'Illinois Structural Engineering Act.'
"2. The practice of architecture as defined in the 'Illinois Architectural Act.'
"3. The engaging in the business of a master plumber as defined in 'The Illinois Plumbing License Law,' filed June 26, 1951, as amended."

Ill Rev Stats 1965 ch 10½, § 1.1:

"Nothing in this definition or in this Act shall be deemed or construed to prevent the practice of structural engineering as defined in the Illinois Structural Engineering Act or the practice of professional engineering as defined in the Illinois Professional Engineering Act." [Added by Act approved July 11, 1957.]

Paragraph 14 of the amended complaint states the conclusion that the Act does not say that architects may

188

practice professional engineering. Paragraph 15 of the complaint states: "That, by virtue of said ordinance provision and statutes of the State of Illinois, it became, was and is, the duty of defendants to require a registered professional engineer practicing professional engineering as provided by the Illinois Professional Engineering Act to sign and seal plans encompassing professional engineering activities."

It is further alleged in the complaint that the defendant, Commissioner of Buildings, "has wholly failed and refused, and still fails and refuses, to require said Professional Engineers Seal certifying that said plans and specifications were submitted to the Department of Buildings as required by statute, despite numerous and repeated demands made by plaintiffs upon him to do so."

It is alleged that plaintiffs have demanded that the issuing of building permits without a professional engineer's seal on the plans should be discontinued; that such permits have been issued on various designated buildings; and [par 21] that the "Commissioner will so continue to approve and issue building permits unless restrained and enjoined by order of this court."

It is further alleged that the action of the Commissioner of Buildings is "arbitrary, capricious, unlawful and unreasonable." Paragraph 25 alleges that an actual controversy exists between the plaintiffs and defendants as to the "present operativeness and interpretation of said ordinance and statutes, and by the term of section 57.1 of the Civil Practice Act of Illinois (Ill Rev Stats c 110, § 57.1), this court is invested with the power to declare the rights of the Professional Engineers under the provisions . . . and adjudicate the final rights and duties of all parties hereto. . . ."

Paragraph 27 alleges that "plaintiffs will be virtually out of business unless the enforcement of the said Acts is required pending final adjudication and determination of the matters and issues of the matters herein set

189

forth, . . . the citizens of Illinois will suffer irreparable injury and loss; . . ."

The prayer in the amended complaint is that the court declare the rights and other relations of the plaintiffs and the defendants created by the Municipal Code of Chicago and the statutes of the State of Illinois; that the court declare that only legally qualified professional engineers may perform and practice professional engineering, as defined in the Professional Engineering Act; that the court declare the design of heating, air conditioning, electrical and mechanical systems normally installed in buildings "are encompassed to the practice of professional engineering"; that a temporary injunction be issued against defendants, pending the final determination of the issues herein stated, and that upon such determination they be permanently enjoined "from allowing plans and specifications involving professional engineering work to be filed with Department of Buildings of the City of Chicago without a Professional Engineer's Seal"; that a writ of mandamus may be issued commanding the defendants to perform all acts and take all steps necessary or requisite to the lawful filing of plans and specifications.

The plaintiffs had originally filed a complaint in which the Chicago Association of Consulting Engineers were party-plaintiffs, together with certain individuals. The defendants filed a motion to strike that complaint and it was stricken, apparently on the ground that an action of this character could not be brought by an association. No appeal is taken from that order and it is not before this court. The plaintiffs thereupon filed an amended complaint to which the defendants filed a motion to strike, setting up, among other things, that the action is not a proper class action; that mandamus and declaratory judgment are not correlative remedies; that the plaintiffs failed to name as defendants any architects of whom

190

they complain, and that such architects would be necessary and proper parties; that the articles of the complaint are vague, indefinite and too general in their scope.

The motion also alleges that the court cannot act in an administrative capacity; that the Department of Registration and Education of the State of Illinois exercises the respective functions, powers and duties under chapter 48½ pertaining to professional engineering, chapter 10½ pertaining to architecture, chapter 131½ pertaining to structural engineering, and chapter 111½ pertaining to plumbers and plumbing; and that the Department may investigate the conduct of any one holding a certificate under any of those provisions; that the Department has the power to make final administrative decisions pertaining to the conduct of all pertinent persons.*

The motion to strike also states that the complaint fails to state a cause of action. During the argument the trial court stated that paragraph 45-2 of the ordinance in question is in the disjunctive, not adjunctive, and quoted the ordinance: "No plans shall be approved for permit unless such plans are signed and sealed either [the court then said the 'either' was very significant] by an architect licensed to practice architecture as provided by the Illinois Architectural Act, or by a structural engineer licensed to practice structural engineering [sic] as provided by that Act." The court continued: "The language is very clear, that one or the other is sufficient. For

---

* The following sections of the statutes were not set out in the motion to strike: Ill Rev Stats 1965, ch 48½—Engineers and Engineering, § 36. Functions, powers and duties of department:

"6. Formulate rules as may be required to administer this Act."

Ch 131½—Structural Engineers, § 3a. Powers and duties of department:

"(6) Formulate rules and regulations when required in any Act to be administered."

that reason the motion to dismiss is sustained, the complaint is dismissed."

In this court the plaintiffs argue that in construing a statute or an ordinance the court should change the disjunctive to the conjunctive where the conversion is required by the context of the statute or ordinance. However, in Campbell v. Prudential Ins. Co., 15 Ill2d 308, 155 NE2d 9, the plaintiff had contended that the word "or" should be read "and" in a certain statute. The Supreme Court held that a substitution of the conjunctive "and" for the disjunctive "or" is permissible only when a literal reading is inconsistent with an apparent legislative purpose, and cited cases to that effect.

■ In the case before us the ordinance as set out in the complaint is not complicated or ambiguous. It specifically provides that the Building Department of the City of Chicago shall not approve a permit for a building to be erected in the City of Chicago unless the plans are signed and sealed, either by an architect or, in certain limited situations, by a structural engineer or registered professional engineer, each of whom may be properly licensed. The plaintiff here argues that in all cases where the plans of a building involve refrigeration plants, air conditioning plants, or heating plants, etc., the plans should be signed and sealed by a professional engineer, alone or together with the architect. The complaint alleges that the defendant issues building permits without the seal of a registered professional engineer on such plans; however, the permits which the complaint alleges were issued by the defendant indicate that the plans were signed and sealed by an architect. In our opinion, the signing and sealing of the plans by the architect was a sufficient compliance with the ordinance.

In 5 Am Jur2d, Architects, § 3, it is stated:

"What amounts to architectural services within license requirements is a question which has arisen

192

in a number of cases, and in the determination of the matter the particular license regulations which are applicable, and also the circumstances present in each instance, are important factors to be considered. . . .

"It has been recognized that there may be an overlapping of architectural and engineering services —that is, that the same services may in one instance constitute architectural services and in another instance engineering services. But the courts generally conclude that where either a licensed architect or a licensed engineer performed services which could properly be regarded as within the reach of the statute licensing his profession and also within the statute licensing the other profession, he performed such services under the statute under which he was licensed and was not affected by the fact that they came incidentally within the purview of the other licensing statute. . . ."

Also see 82 ALR2d 1016.

The trial court properly dismissed the complaint. No request was made to file any further pleadings and judgment for the defendants was properly entered.

■ ■ The amended complaint, which asks for a declaratory judgment, an injunction, and that a writ of mandamus issue, was filed as a representative or class suit. Fundamentally it is a mandamus action. The complaint prays that a writ of mandamus be issued ordering the Commissioner of Buildings of the City of Chicago to refuse to issue any building permits unless the plans are signed and sealed by a professional engineer. The Illinois law governing class or representative suits is all case law. The class suit is an invention of equity to enable it to proceed to a decree in suits where the number of those interested in the subject of the litigation is so great that their joinder as parties in

193

conformity to the usual rules of procedure is impracticable. Winger v. Chicago Bank & Trust Co., 394 Ill 94, 67 NE2d 265. A mandamus action, such as the instant suit, cannot be brought as a representative or class suit.

█ In Liquor Dealers Ass'n v. Schreiber, 382 Ill 454, 47 NE2d 462, the court said: "Mandamus is a law action in which representative suits are unknown." The plaintiff cites Baumgardt, d/b/a A & B Shop v. Isaacs, 29 Ill 2d 29, 193 NE2d 31, in opposition to the Liquor Dealers case. The Baumgardt case is not applicable, and no rule is stated therein with reference to representative suits. In 29 ILP, Parties, § 13, it is stated:

> "Inasmuch as the nature of class representation is essentially equitable, the representative party being regarded as a quasi—trustee for the represented parties, the use of the class representation technique is limited to courts of chancery and there can be no class or representative suits in law actions. . . ."

On this ground alone this court could dispose of the case by affirming the judgment of the trial court; however, we will discuss some further reasons why the judgment entered in the trial court was proper.

█ In 26 ILP, Mandamus, § 2, it is set out that:

> "A writ of mandamus is a summary writ issued from a court of competent jurisdiction commanding the officer to whom it is addressed to perform some specific duty which the relator is entitled of right to have performed and which the party owing the duty has failed to perform."

It is not a writ of right, and the granting or refusal of the writ is a matter resting with the discretion of the court. People ex rel. Woll v. Graber, 394 Ill 362, 68 NE2d 750; People ex rel. Adamowski v. Dougherty, 19 Ill2d

393, 167 NE2d 181. In MacGregor v. Miller, 324 Ill 113, 154 NE 707, the Supreme Court laid down the rule that where the performance of an official act or duty involves the exercise of judgment or discretion the officer cannot ordinarily be controlled with respect to the particular action he will take in the matter, and where an officer, in the exercise of a discretionary power, has considered and determined what his course of action is to be he has exercised his discretion, and his action is not subject to review or control by mandamus; and if any reasonable doubt exists as to the question of discretion or want of discretion the courts will hesitate to interfere, preferring rather to extend the benefit of the doubt in favor of the officer. It is also the rule that a petition for mandamus must show the duty of the person sought to be coerced to perform the acts for performance of which mandamus is sought. 26 ILP, Mandamus, § 143. In People ex rel. Pignatelli v. Ward, 404 Ill 240, 88 NE2d 461, the court laid down the rule that a proceeding for a writ of mandamus is an action at law and the pleadings therein are governed by the same rules applying to other actions of law. The petition stands as a complaint and must present a prima facie case, and the petition must show that it is the clear duty of the person against whom the writ of mandamus is sought to perform the act.

The Commissioner of Buildings of the City of Chicago is an administrative officer. He has the right and duty under the ordinance to require that the plans for a proposed building shall be signed as we have indicated above. In 26 ILP, Mandamus, § 172, it is stated:

"In a mandamus action against administrative officials, the court will not inquire into the merits of the controversy so that it may substitute its own judgment or discretion for that of the administrative body."

Defendants in their brief raise the point that, in any case, the matter is one which falls within the duties of the Department of Registration and Education, and this contention is supported by chapter 48½, section 36, Illinois Revised Statutes 1965, an act to regulate the practice of professional engineering. Section 36, paragraph 6, provides the Department shall: "Formulate rules as may be required to administer this Act."

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.