GRACE HARDY, Plaintiff-Appellant, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellee.

(No. 57254;

First District (2nd Division)—June 5, 1973.

Jerrold Blumoff, of Chicago, for appellant.

John Richard Jackson, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff appeals from a summary judgment entered in favor of defendant.

Defendant issued a fire policy covering plaintiff's resident for a three-year period from February 13, 1968 to February 13, 1971. At the expiration of the foregoing policy, defendant issued a renewal of the policy to cover a one-year period from February 13, 1971 until February 13, 1972. On or about June 7, 1971, without advising plaintiff of a reason, defendant cancelled the policy effective June 17, 1971.

Plaintiff contends that the cancellation was in violation of § 755.1a of the Illinois Insurance Code * which became effective on September 22, 1969 and which reads as follows:

> "After a policy has been effective for one year, any company transacting fire and extended coverage insurance business shall not exercise its right to cancel any such policy of insurance except:
>
> (a) For nonpayment of premium;
> (b) When a policy was obtained by a misrepresentation or fraud; or
> (c) For any act which measurably increases the risk originally accepted."

Plaintiff's argument is that the defendant's cancellation of her renewal insurance policy, after she had been insured uninterruptedly for almost three and one-half years, is contrary to the provision of the foregoing statute. Plaintiff concedes that a literal reading of the statute deprives her of relief, but she argues that the spirit and intention of the statute should control in the instant case.

Her argument is, *inter-alia*, that, in view of the recent history of civil unrest in urban areas and the ever pressing need for adequate insurance, it follows that the intent of the legislature was to protect property owners from unreasonable and arbitrary actions of an insurance company after the property has been insured continuously for over a year. Plaintiff contends further that, while there is no illegality in issuing a one-year policy, the legislature did not anticipate that insurers would engage in the practice of issuing one-year policies upon expiration of the usual three-year coverage.

■■ The language in the statute at bar is plain and certain and we must give it effect, regardless of how desirable it would be for the judiciary to inject a provision not found in the statute. (*Western National Bank of Cicero v. Village of Kildeer*, 19 Ill.2d 342, 167 N.E.2d 169;

---

* Ill. Rev. Stat. 1971, ch. 73, § 755.1a.

*Droste v. Kerner,* 34 Ill.2d 495, 501, 503, 217 N.E.2d 73.) We note that in § 755.3 referring to cancellation by the insurer of auto liability insurance the legislature enacted the following:

"* * * After a policy of automobile liability insurance has been effective for 60 days *or if such policy is a renewal policy,* the company shall not exercise its right to cancel such policy except * * *." (Emphasis added.)

This foregoing legislation preceded the statute at bar by approximately twenty months. Defendant appropriately comments that it is reasonable to assume that, if the legislature intended § 755.1a to apply to renewal policies, it would have so specified, as it did in § 755.3. Other statutes may be referred to in determining legislative intent. (*Petterson v. City of Naperville,* 9 Ill.2d 233, 137 N.E.2d 371; *Bergin v. Board of Trustees,* 31 Ill.2d 566, 202 N.E.2d 489.) Although we recognize plaintiff's predicament, the matter of its resolution is peculiarly within the purview of the legislative branch of government to enact legislation it deems appropriate.

Therefore, in view of the provisions of § 755.1a, we affirm the judgment.

Affirmed.

LEIGHTON and HAYES, JJ., concur.