TERESA HIGHSMITH, a Minor, by SAMUEL HIGHSMITH, Her Father and Next Friend, *et al.*, Plaintiffs-Appellants, *v.* ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

(No. 57490; ▮▮▮▮▮▮▮▮▮▮)

First District (4th Division)—February 6, 1974.

Michael J. Bucko, of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (John L. Kirkland, D. Kendall Griffith, and William C. Kucera, of counsel), for appellee.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

This is an action brought by plaintiff, Teresa Highsmith, a minor, through her father and next friend, individually and on behalf of the class of persons similarly situated, for recovery of money. The defendant, an insurance company, issued a policy of automobile insurance to plaintiff, and identical automobile policies to others. The policies contained an "uninsured motorists" provision and an "auto medical payments" provision. The defendant charged and collected a separate premium for each of the two coverages.

The plaintiff had an accident with an uninsured motorist resulting in medical expenses in excess of $1,000.00, the amount of the medical pay provision. The plaintiff and defendant could not agree as to the amount of

the damages the uninsured motorist owed plaintiff and the issue was submitted to arbitration. The arbitrator found that the plaintiff was entitled to collect $7,500.00. Defendant paid plaintiff $7,500.00 under the uninsured motorist provision of its policy. Plaintiff demanded the additional sum of $1,000.00 medical expenses under the medical provision which the defendant refused to pay. The court allowed the claim and entered judgment for $1,000.00 and costs. Appellant has not appealed that part of the judgment.

The plaintiff alleged that there were, and are, numerous policy holders of the defendant, too numerous to determine, who having paid two premiums for two coverages were paid benefits under the uninsured motorist provision and were not paid benefits under the medical pay provision.

■■ Defendant moved to dismiss the plaintiff's amended complaint for the reason that the provision of the policy about which plaintiff complains is valid and that the facts alleged do not contain the elements necessary for the maintenance of a class action. There is no basis for a class action proceeding. Illinois requires that the claims of the purported members of a class action arise from the same transaction and from transactions so similar that they are tantamount to the same transaction. *Moseid v. McDonough*, 103 Ill.App.2d 23, 243 N.E.2d 394.

■■ In this case, plaintiff's claim cannot reasonably be said to stand in judgment in the place of all others in the purported class. The facts of the accidents which determine the liability or non-liability of the uninsured motorist are all different. The facts regarding the reasonableness of the medical expenses, and extent of the treatment are all different. The facts influencing each claimant and defendant in reaching a settlement of the medical payments and uninsured motorists' claims are all different. Where the substantial interest of parties are not necessarily or even probably the same as the interests of those they seek to represent, such parties cannot be said to afford that protection to absent parties required by due process. (*Newberry Library v. Board of Education*, 387 Ill. 85, 96, 66 N.E.2d 147.) Plaintiff's action is not a class suit.

The trial court ruled that plaintiff individually is entitled to recover medical payments without deduction of such amount from the amount of damages deemed owed by the uninsured motorist, but denied the identical relief to all other persons similarly situated. Plaintiff appeals from the latter part of the trial court's ruling.

■■ Since the trial court found in favor of the plaintiff and entered judgment of $1,000, the plaintiff's claim is fully allowed. Therefore, the plaintiff has no further cause of action on his behalf. He has no basis to appeal on behalf of someone else, namely, the purported class. The defendant did not see fit to appeal the judgment and it stands approved.

618

For the reasons stated above, the judgment of the Circuit Court of Cook County, dismissing plaintiff's class action is affirmed.

Judgment affirmed.

BURMAN and DIERINGER, JJ., concur.