DONALD J. BROOKS *et al.*, Plaintiffs-Appellants, *v.* MIDAS-INTERNATIONAL CORPORATION, Defendant-Appellee.

First District (4th Division)   No. 62159

Opinion filed March 24, 1977.

Jonas, Schey & Associates, of Chicago (Alan L. Jonas and Edward Cooper, of counsel), for appellants.

Kirkland & Ellis, of Chicago (E. Houston Harsha and Garrett B. Johnson, of counsel), for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiffs appeal from the dismissal of those counts of its amended complaint which alleged a class action. The sole issue on appeal is whether the amended complaint sets forth facts sufficient to maintain a class action suit.

Plaintiff Brooks' counts of the amended complaint alleged that, although defendant guarantees that a replacement muffler will be installed for only an installation charge,[1] defendant actually charges for replacement of parts such as clamps, hangers and pipes associated with the muffler system.

On July 7, 1971, plaintiff Brooks drove his automobile to a Midas Muffler Shop to purchase a muffler installation. He was charged $136.38 upon completion of the work. Two years later, plaintiff returned to a Midas Muffler Shop to have the muffler replaced. In addition to the installation charge of $9.50, a charge of $48.10 was assessed for

---

[1] The guarantee stated:

"GUARANTEE

THIS MIDAS MUFFLER IS GUARANTEED FOR AS LONG AS YOU OWN YOUR CAR. IF ANYTHING GOES WRONG WITH THIS MUFFLER, A NEW GUARANTEED MIDAS MUFFLER WILL BE INSTALLED ON YOUR CAR BY ANY MIDAS MUFFLER SHOP FOR ONLY AN INSTALLATION CHARGE."

replacement parts other than the muffler itself. Plaintiff Brooks alleged this additional charge to be in violation of the Consumer Fraud Act (Ill. Rev. Stat. 1971, ch. 121½, par. 261 *et seq.*) and the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1971, ch. 121½, par. 311 *et seq.*) in that defendant misrepresented its guarantee for the purpose of creating the impression in consumers' minds that no charges would be assessed other than an installation charge. It was further claimed that defendant's purpose was to induce plaintiff Brooks and other class members to purchase from defendant instead of its competitors.

The amended complaint seeks damages for Brooks and all members of the class for the various amounts paid in excess of the installation charge, and that a receiver be appointed to collect and administer the funds awarded as damages. In addition, injunctive relief is sought to enjoin defendant from its advertising practice, and from assessing any charges for muffler replacements other than an installation charge.

Plaintiff Goffen's counts of the amended complaint alleged defendant's violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1973, ch. 121½, par. 261 *et seq.*). Goffen's suit is based upon similar acts by defendant in misrepresenting its guarantee for similar purposes.

On April 27, 1974, plaintiff Goffen purchased a muffler installation and paid $67 upon completion of the work. Goffen seeks injunctive relief for himself and on behalf of all class members to restrain defendant from further advertising its mufflers in a misleading and deceptive manner, and to enjoin defendant from assessing any charge other than a nominal installation charge.

A separate count of the amended complaint alleged that, at the time the muffler installation was purchased by Goffen, defendant represented in its advertising that it would replace any muffler sold and installed by defendant without an installation charge. Goffen alleged he was nonetheless given a written guarantee which provided for an installation charge. Injunctive relief is sought to enjoin this practice and to further enjoin defendant from assessing any charges relative to the repair or replacement of the muffler system installation.

The trial court granted defendant's motion to strike and dismiss the amended complaint, ruling that the cause could not be maintained as a class action. Pursuant to Supreme Court Rule 304 (Ill. Rev. Stat. 1975, ch. 110A, par. 304), the trial court found that there was no just reason to delay enforcement or appeal of its order.

OPINION

■■■ At the outset, we note that in determining the sufficiency of a complaint when attacked by a motion to strike or dismiss, all well

pleaded facts must be taken as true. (*Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 187 N.E.2d 722.) The disposition of a motion to dismiss must be made upon the allegations contained in the complaint and, although defendant makes repeated references to plaintiff Brooks' testimony taken by discovery deposition, it cannot properly be considered in determining the sufficiency of the amended complaint. *Mutual Tobacco Co. v. Halpin* (1953), 414 Ill. 226, 111 N.E.2d 155.

## I. Brooks' Class Action.

■■ The advantages inherent in a class action are to vindicate the rights of numerous claimants in one action when individual actions might be impracticable. (*Adams v. Jewel Companies, Inc.* (1976), 63 Ill. 2d 336, 348 N.E.2d 161.) Class actions in Illinois are governed by case law. (*Gaffney v. Shell Oil Co.* (1974), 19 Ill. App. 3d 987, 312 N.E.2d 753; *People ex rel. Aramburu v. City of Chicago* (1966), 73 Ill. App. 2d 184, 219 N.E.2d 548.) It has been held that the basic test to be applied is "the existence of a community of interest in the subject matter and a community of interest in the remedy," among all who make up the purported class. (*De Phillips v. Mortgage Associates, Inc.* (1972), 8 Ill. App. 3d 759, 762, 291 N.E. 329. See also *Harrison Sheet Steel Co. v. Lyons* (1959), 15 Ill. 2d 532, 155 N.E.2d 595; *Smyth v. Kaspar American State Bank* (1956), 9 Ill. 2d 27, 136 N.E.2d 796.) This requires that "all members of the class [must be] found to have a common interest in the questions involved and the results * * *." (*Peoples Store v. McKibbin* (1942), 379 Ill. 148, 153-154, 39 N.E.2d 995, 998; also see *Hagerty v. General Motors Corp.* (1974), 59 Ill. 2d 52, 57, 319 N.E.2d 5; *Fiorito v. Jones* (1968), 39 Ill. 2d 531, 541-44, 236 N.E.2d 698.) Among the factors to be considered in deciding whether the required community of interest exists are whether the class members share a common question of law and fact; whether the claims arise from the same transaction or transactions so similar that they are tantamount to the same transaction; whether the named party can adequately represent the rights of the class; and whether the number of class members renders separate litigation impossible or impractical. (*Magro v. Continental Toyota, Inc.* (1976), 37 Ill. App. 3d 1, 344 N.E.2d 675 *Landesman v. General Motors Corp.* (1976), 42 Ill. App. 3d 363, 356 N.E.2d 105.) These factors, while not conclusive of the question, serve as an aid in determining whether a valid class exists.

Section 2 of the Consumer Fraud Act (Ill. Rev. Stat. 1971, ch. 121½, par. 262) provides:

> "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact *with intent that others rely upon such concealment, suppression or*

*omission,* in connection with the sale or advertisement of any merchandise, *whether or not any person has in fact been misled, deceived or damaged thereby,* is declared to be an unlawful practice; * * *." (Emphasis supplied.)

In *Rice v. Snarlin, Inc.* (1970), 131 Ill. App. 2d 434, 442, 266 N.E.2d 183, 188-89, it was held that the Consumer Fraud Act authorized private causes of action for damages even though the express language of the Act gave the Attorney General exclusive powers under it. The court recognized that although the legislature did not expressly provide for private remedies under the Act, it did make the seller liable to the consumer for any violation of the Act. The court reasoned that:

"[T]he legislature obviously must have intended to invest the consumer with the right to enforce his claim. To deny this right would be to effectively release the seller from the liability provided for in the Act."

Defendant, while conceding that Brooks' amended complaint states a valid individual cause of action for damages, contends that a class action would be improper under the facts of this case. We disagree.

■■ The community of interest requisite to the proper maintenance of a class action is present since the common interest centers on defendant's conduct in advertising its muffler guarantee. This advertising was alleged to have misrepresented and concealed the fact that the term "muffler" as employed by defendant referred only to one portion of the muffler system, and that other parts would require additional charges, whereas it was defendant's purpose by its advertising to create the impression in the minds of consumers that its guarantee meant replacement for only an installation charge.

■■ Defendant asserts that a class action may not be maintained since the element of reliance is a question which is individual to each class member and thus defeats class action status. Defendant's contention is based upon the argument that different customers would have individual reactions to defendant's advertising and that some may have relied on the advertising while others may not have seen it at all. Under the common law, reliance was an element which had to be alleged in order to constitute a valid cause of action for misrepresentation or deceit. (*Kuch & Watson, Inc. v. Woodman* (1975), 29 Ill. App. 3d 638, 331 N.E.2d 350; *Edwards v. Chicago & Northwestern Ry. Co.* (1967), 79 Ill. App. 2d 48, 223 N.E.2d 163; See also *Private Remedies Under the Consumer Fraud Acts: The Judicial Approaches of Statutory Interpretation and Implication* 67 Nw. U. L. Rev. 413 (1972).) However, the language employed in the Consumer Fraud Act clearly indicates that it is the intent of the defendant in his conduct, not the reliance or belief of the plaintiff, which is the pivotal point upon which an action arises. (*Cf. Edelman v.*

*Lee Optical Co.* (1974), 24 Ill. App. 3d 216, 320 N.E.2d 517.) Section 2 of the Act specifically provides that the question of whether a person has been misled, deceived or damaged is not an element of an action brought under the Act. If, after trial, it is found that defendant did engage in an unlawful practice in its advertising,[2] then the question common to all class members has been established in favor of plaintiffs.

■■ Defendant also urges consideration of whether a common fund exists as a factor in determining whether there is a common question of law and fact. While the existence of a common fund from which class members may recover may be another factor to be considered (*Kimbrough v. Parker* (1951), 344 Ill. App. 483, 176 N.E.2d 899; *Moseid v. McDonough* (1968), 103 Ill. App. 2d 23, 243 N.E.2d 394), we find that this creates no infirmity in the present case. In *Perlman v. First National Bank of Chicago* (1973), 15 Ill. App. 3d 784, 800, 305 N.E.2d 236, 249, it was held that a sequestered sum of money is not required in order to establish a common fund. The court reasoned that there was "no basis in law or logic for permitting a class action against an individual who has sequestered all money wrongfully acquired but denying one against an individual who has commingled it with his other assets."

In the instant case, the monies which may be found to have been wrongfully obtained from the class members comprises the common fund. "The liability or wrongdoing creates the fund, and whatever is taken wrongfully constitutes the fund." *Perlman v. First National Bank* (1973), 15 Ill. App. 3d 784, 801, 305 N.E.2d 236, 249.

■■ Next we consider whether the transactions are the same or similar and find that this factor is also satisfied. "Illinois requires that the claims of the purported members of a class action arise from the same transaction and from transactions so similar that they are tantamount to the same transaction." (*Highsmith v. Allstate Insurance Co.* (1974), 17 Ill. App. 3d 615, 617, 308 N.E.2d 204, 205.) A class action can properly be prosecuted where a defendant is alleged to have acted wrongfully in the same basic manner as to an entire class. In such circumstances, the common class questions still dominate the case, and the class action is not defeated. *Harrison Sheet Steel Co. v. Lyons* (1959), 15 Ill. 2d 532, 155 N.E.2d 595; *Perlman v. First National Bank* (1973), 15 Ill. App. 3d 784, 305 N.E.2d 236; *Kimbrough v. Parker* (1951), 344 Ill. App. 483, 101 N.E.2d 617.

In the present case, plaintiff alleged that defendant's advertising was the operative fact, common to each class member, which gave rise to the action. As we have already stated, whether defendant's advertising constituted an unlawful practice is the dominant question in this case.

---

[2] We make no determination as to what was meant by the term "muffler" in the context of defendant's advertising. This is a question of fact which is to be resolved in the trial court proceedings.

■■ In determining whether the class is adequately represented, the Illinois courts have focused on the issue of whether the absentee class members "are so represented by others who are before the court that their interests will receive actual and efficient protection." (*State Life Insurance Co. v. Board of Education* (1946), 394 Ill. 301, 308, 68 N.E.2d 525, 529.) Here, the interests of plaintiff Brooks are the same as the class members—recovery of monies paid to defendant for a muffler replacement in excess of the installation charge. Therefore, representation by plaintiff will afford the protection to absent parties which is required by due process. *Newberry Library v. Board of Education* (1944), 387 Ill. 85, 55 N.E.2d 147; *Highsmith v. Allstate Insurance Co.* (1974), 17 Ill. App. 3d 615, 308 N.E.2d 204; See also *Landesman v. General Motors Corp.* (1976), 42 Ill. App. 3d 363, 356 N.E.2d 105.

■■ The final factor to be considered is the question of whether the number of class members renders separate litigation impossible or impractical. We believe that the number of class members is so great as to be impractical to join them all as parties. At the same time, the proposed class is not so unwieldy, or so unidentifiable as to defeat the cause of action. (*Adams v. Jewel Companies, Inc.* (1976), 63 Ill. 2d 336, 348 N.E.2d 161; *Reardon v. Ford Motor Co.* (1972), 7 Ill. App. 3d 338, 287 N.E.2d 519.) Furthermore, we note that at oral argument plaintiff stated that the proposed class is limited to those whose transactions occurred in Illinois, which will aid in the identification and representation of the class.

■■ Therefore, having found that all factors have been fully satisfied, we hold that a valid class action for damages exists under the Consumer Fraud Act, and that portion of Brooks' amended complaint which sought damages was improperly dismissed.

Plaintiff Brooks also sought injunctive relief under the Uniform Deceptive Trade Practices Act. Under section 7 of the Consumer Fraud Act (Ill. Rev. Stat. 1971, ch. 121½, par. 267), the Attorney General was given sole powers to obtain an injunction against a person "engaged in, engaging in, or is about to engage in" an unlawful practice. The Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1971, ch. 121½, par. 311 *et seq.*) is not limited in this manner. The latter Act is a codification of the common law of unfair competition. (*Mars, Inc. v. Curtiss Candy Co.* (1972), 8 Ill. App. 3d 338, 290 N.E.2d 701; *National Football League Properties, Inc. v. Consumer Enterprises, Inc.* (1975), 26 Ill. App. 3d 814, 327 N.E.2d 242, *cert. denied*, 423 U.S. 1018, 46 L. Ed. 2d 390, 96 S. Ct. 454.) As such, it has generally been held to apply to situations where one competitor is harmed or may be harmed by the unfair trade practices of another. See *Clairol, Inc. v. Andrea Dumon, Inc.* (1973), 14 Ill. App. 3d 641, 303 N.E.2d 177, *cert. denied*, 419 U.S. 873, 42 L. Ed. 2d 112, 95 S. Ct. 134; see also Tone and Eovaldi, *New Illinois Trade Regulation Laws: The*

*Uniform Deceptive Trade Practices Act (Part Two)*, 54 Ill. B. J. 436 (1966).

Section 2 of the Act (Ill. Rev. Stat. 1971, ch. 121½, par. 312) proscribes 11 specifically defined deceptive trade practices. Subsection 9 provides that a person engages in a deceptive trade practice when he "advertises goods or services with intent not to sell them as advertised." Subsection 12 prohibits "any conduct which similarly creates a likelihood of confusion or of misunderstanding." The notes to section 2 indicate that subsection 12 was designed to "allow the courts to expand the coverage of the act to include new forms of deceptive conduct which might arise in the future." (Ill. Ann. Stat., ch. 121½, par. 312, Illinois Notes, at 127, (Smith-Hurd 1976-77 Supp.). See also Dole, *Merchant and Consumer Protection: The Uniform Deceptive Trade Practices Act*, 76 Yale L.J. 485 (1967).) The sole remedy under the Act is set forth in section 3 (Ill. Rev. Stat. 1971, ch. 121½, par. 313) which provides:

> "A person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it in * * * terms that the court considers reasonable. Proof of monetary damage, loss of profits or intent to deceive is not required. Relief granted for the copying of an article shall be limited to the prevention of confusion or misunderstanding as to source.
> * * *
>
> The relief provided in this Section is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this State."

■■ Although the Act was intended to protect businessmen and provide them with a remedy for unethical competitive conduct, its provisions have also been found applicable to cases where a consumer brings suit. (See *Garland v. Mobil Oil Corp.* (N.D. Ill. 1972), 340 F. Supp. 1095.) The problem inherent in such consumer actions is the inability to allege facts which would indicate that the plaintiff is "likely to be damaged." Ordinarily, the harm has already occurred, thus precluding a suit for injunctive relief.

■■ Such is the predicament which confronts plaintiff Brooks. Although he asks that defendant be enjoined from advertising its mufflers in a deceptive manner, he has already made his purchase. Whatever harm plaintiff may suffer from the advertisements has already occurred. The trial court, therefore, was correct in ruling that such practices by defendant are not likely to damage plaintiff.

■■ That portion of the complaint in which plaintiff sought to restrain defendant from assessing any charges other than an installation charge for replacement of parts which it sold was also properly dismissed. The complaint failed to contain an allegation that plaintiff was likely to again

be damaged in such manner, or even that he still owned the automobile which was the subject of the guarantee. Consequently, plaintiff failed to allege facts sufficient to indicate that he could be assessed additional charges at some future time.

■■ Since plaintiff Brooks cannot succeed in obtaining injunctive relief in his individual action, the injunctive relief sought by him in his representative capacity on behalf of all class members is likewise unavailable. *Highsmith v. Allstate Insurance Co.* (1974), 17 Ill. App. 3d 615, 308 N.E.2d 204; *De Phillips v. Mortgage Associates, Inc.* (1972), 8 Ill. App. 3d 759, 291 N.E.2d 329.

■■ Plaintiff further contends that the last paragraph of section 3 creates a right of action for damages under the Uniform Deceptive Trade Practices Act. However, we do not believe that this clause creates any additional rights of recovery under the Act. Section 3 simply states that it is not to be read as limiting the types of relief available to a plaintiff under common law or pursuant to other statutes which afford remedies for similar conduct.

## II. Goffen's Class Action.

Goffen's claim for injunctive relief is based entirely upon the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1973, ch. 121½, par. 261 *et seq.*) which, as amended, superseded the Consumer Fraud Act. (Ill. Rev. Stat. 1971, ch. 121½, par. 261 *et seq.*) Section 10a of the amended Act (Ill. Rev. Stat. 1973, ch. 121½, par. 270a) codifies the holding in *Rice v. Snarlin, Inc.* (1970), 131 Ill. App. 2d 434, 266 N.E.2d 183, allowing a private action for damages:

> "(a) Any person who suffers damage as a result of a violation of Section 2 of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual damages or any other relief which the court deems proper."

Section 2 of the Act (Ill. Rev. Stat. 1973, ch. 121½, par. 262) was also amended. It provides:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been mislead, deceived or damaged thereby. In construing this section consideration shall be

given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act."

Thus, under the amended section 2, the conduct specified in the Uniform Deceptive Trade Practices Act is included as acts constituting unlawful practices. However, the scope of redress that can be afforded to an aggrieved private party is not expanded by this provision.

■■ Furthermore, section 7 of the Consumer Fraud and Deceptive Business Practice Act (Ill. Rev. Stat. 1973, ch. 121½, par. 267) may be referred to in determining the legislative intent of section 10a. (*Hardy v. United States Fidelity and Guaranty Co.* (1973), 12 Ill. App. 3d 845, 299 N.E.2d 153.) Under section 7, the power to seek injunctive relief still remains available only to the Attorney General. The legislature, had it intended to grant a private right of action for injunctive relief, would have explicitly done so in section 10a.

■■ We must read section 10a, allowing an award of actual damages "or any other relief which the court deems proper," as being limited by section 7 to preclude injunctive relief. Therefore, the counts of the amended complaint pertaining to plaintiff Goffen's action were properly stricken and dismissed.

For the aforementioned reasons, the judgment of the trial court striking and dismissing those portions of plaintiffs' amended complaint seeking injunctive relief is affirmed. The trial court's order striking and dismissing those portions of plaintiff Brooks' amended complaint seeking damages under the Consumer Fraud Act for himself and all class members similarly situated is reversed and the cause is remanded for further proceedings.

Affirmed in part; reversed and remanded.

DIERINGER, P. J., and ROMITI, J., concur.