THOMAS MARTIN et al., Plaintiffs-Appellees, v. CECIL EGGERT et al., Defendants (Land of Lincoln Savings and Loan Association et al., Appellants).

Second District  No. 2—88—0203

Opinion filed August 26, 1988.

Armand E. Capanna and Patricia A. O'Connor, both of Lillig, Kemp & Thorsness, Ltd., of Oak Brook (Richard J. Nogal, of counsel), for appellants.

Norman H. Lehrer, of Lehrer, Flaherty & Canavan, of Wheaton (R. Lawrence Canavan, of counsel), for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Appellants, Land of Lincoln Savings and Loan Association and Land of Lincoln Builders, Inc. (previously known as Medema Builders, Inc.), are appealing two preliminary mandatory injunctions which were entered at the same time. One directed appellants to construct a drainage system consistent with testimony of one of the witnesses at the hearing and the other directed appellants to take any and all steps that may be necessary to further prevent any flooding of plaintiffs' property. We reverse.

This action concerns flooding of the plaintiffs' house, and a short history of the house is therefore relevant to the case.

Plaintiffs' house was originally built by Realty Company of America (Realty Company). Realty Company borrowed money from Land of Lincoln Savings and Loan for development of the subdivision on which the house was built. Realty Company was delinquent on the loans it had received from Land of Lincoln Savings and Loan, and, as a consequence, Land of Lincoln Savings and Loan obtained title to the subdivision, which included plaintiffs' house. At the time Land of Lincoln Savings and Loan obtained title, plaintiffs' house had been vacant for a period of years and was in a state of disrepair. This included the basement of the house being full of water.

Land of Lincoln Savings and Loan Association listed the house for sale through Land of Lincoln Partners in 1985. At that time, it was listed as a new home. Subsequently, plaintiffs' house was purchased by the Eggerts from Land of Lincoln Savings and Loan. The Eggerts then sold it to plaintiffs, who experienced a water problem during a heavy rainfall.

There was testimony at the hearing that the house was built in the path of an intermittent stream, and that during heavy rains, water overflows a berm behind the house and into the backyard of the house.

Plaintiffs initiated this action by filing a one-count complaint based on the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 261 et seq.). At the same time the complaint was filed, plaintiffs also filed a petition for an injunction. The complaint and petition named as defendants Cecil Eggert, Kath-

leen Eggert, Land of Lincoln Partners (Partners), and Glenn P. Downey. Neither the complaint nor the petition named Land of Lincoln Savings and Loan or Land of Lincoln Builders as defendants.

On December 29, 1987, the record indicates that three documents were filed, which were entitled: "MOTION TO AMEND PETITION FOR INJUNCTIVE RELIEF AND COMPLAINT," "AGREED ORDER," and "AMENDED PETITION FOR INJUNCTIVE RELIEF." The motion to amend stated in pertinent part that additional parties "Medema Builders, Inc., and Land of Lincoln Savings and Loan should be added as parties Defendant." The agreed order stated:

> "Cause coming on for hearing on Plaintiff's Motion to File Amended Petition for Injunctive Relief:
> It is ordered that Plaintiff is granted leave to file Amended Petition for Injunctive Relief instanter: hearing date to stand."

The amended petition added Medema Builders, Inc., and Land of Lincoln Savings and Loan to the caption of the case. However, the introductory paragraph of the amended petition seeks relief only against "Defendants Cecil & Kathleen Eggert, Land of Lincoln Partners, Glen P. Downey, and their agents and/or employees." It does not seek relief against Land of Lincoln Builders, Inc., Medema Builders, Inc., or Land of Lincoln Savings and Loan. Furthermore, the prayer in the amended petition asks for relief against "Defendants" and does not identify any defendants by name.

Reading the amended petition as a whole, the introductory paragraph specifically lists the parties against whom relief in the petition is requested and the generic defendants referred to in the *ad damnum* clause will not be construed to include other defendants. To read the petition otherwise would allow the general to contradict the specific and be misleading.

Moreover, while the complaint purports to state a cause of action based on consumer fraud, there is nothing in the amended petition that in any way alleges that either Land of Lincoln Builders or Land of Lincoln Savings and Loan made or were responsible for making any false or misleading statements. Finally, although the motion to amend stated that it sought permission to amend the complaint, an amended complaint was not mentioned in the agreed order, and no amended complaint was filed. Plaintiff proceeded as if an amended complaint adding Land of Lincoln Savings and Loan and Land of Lincoln Builders, Inc., as defendants had been filed.

■ Given the state of the pleadings, we find that the preliminary mandatory injunctions were entered against parties who were not named as defendants in the complaint and against whom no relief had

been requested in the amended petition. We further find that this was a violation of appellants' rights to due process. The due process requirement of notice requires that a defendant be clearly apprised of the claims to be defended against. *Hyon Waste Management Services, Inc. v. City of Chicago* (1977), 53 Ill. App. 3d 1013, 1018.

■ In the instant case, it was not clear from the pleadings that plaintiffs sought anything from the appellants, nor was it clear what cause or causes of action plaintiffs were proceeding on against appellants. We therefore reverse the orders which granted preliminary mandatory injunctions against Land of Lincoln Savings and Loan and Land of Lincoln Builders, Inc. Even had the amended petition sought relief from Land of Lincoln Builders and Land of Lincoln Savings and Loan, we would be compelled to reverse.

The complaint alleged that Partners and Downey were aware that the property was subject to flooding and were aware that the Eggerts failed to disclose this fact to plaintiffs. It further alleged that Partners and Downey willfully and intentionally misrepresented that the property was not subject to flooding and/or willfully and intentionally failed to disclose that the property was subject to flooding.

After a hearing, the trial court found that plaintiffs had a protectable interest in that they were entitled to safe, uninterrupted enjoyment and use of the subject property; that there was an imminent threat of irreparable harm; that there was a likelihood of success on the merits; and that there was no adequate remedy at law. With these findings, the trial court entered two orders on February 26, 1988. Order one provided in pertinent part:

"A.) Land of Lincoln Savings & Loan and Land of Lincoln Builders, Inc. are to immediately contact the Dept. of Public Works, County of DuPage Drainage Division *** and are mandatorily directed to communicate a plan for temporary resolution of the problem on Lot 6, subject matter of this action, consistent with the testimony of Mr. Charles Allenson ***.

B.) Defendants to complete the construction of the plan within 3 calander [*sic*] days of delivery of the approved plan to the Defendants from the Dept. of Public Works;"

Order two provided in pertinent part:

"Accordingly, IT IS HEREBY ORDERED: that a preliminary and temporary mandatory injunction shall issue directing Defendants, Land of Lincoln Builders and Land of Lincoln Savings and Loan, to take any and all steps that may be necessary to further prevent any flooding of the subject property."

Allenson had testified that a swail could be cut along the north

property line of plaintiff's property and continuing down the east property line, the cost of which would be from $5,000 to $7,000. Both parties represent that this swail system has been installed.

Appellants contend that issuance of the preliminary injunction was inappropriate because plaintiffs' claim was based on the Consumer Fraud and Deceptive Business Practices Act (Act) (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*) and that under the Act injunctive relief is not available to private citizens. We agree.

■ Plaintiffs contend that their petition for a temporary injunction was not based on the Consumer Fraud and Deceptive Business Practices Act, but rather was based on common law fraud. We find this not to be the case. No count was set out in the complaint for an action based on common law fraud. Section 2—603(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—603(b)) provides:

> "Each separate cause of action upon which a separate recovery might be had shall be stated in a separate count or counterclaim, as the case may be and each count, counterclaim, defense or reply, shall be separately pleaded, designated and numbered *** ."

It is self-evident that one of the purposes of this section is to ensure that confusion of claims is kept to a minimum.

■ In the instant case, there was no designation of a count for common law fraud in the complaint. Moreover, there was nothing in the amended petition for the injunction that clearly identified the petition as based on a separate cause of action. To the contrary, the amended petition and the complaint are virtually identical for the first 10 paragraphs, and the remaining paragraphs do not so distinguish the amended petition as to lead to the conclusion that it is based on a separate cause of action from the complaint. We therefore conclude that the temporary injunction was based on the Consumer Fraud and Deceptive Business Practices Act. This being the case, we find that the injunction was wrongfully issued.

In *Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 277, the court held that only the Attorney General had the power to seek injunctive relief under the Consumer Fraud and Deceptive Business Practices Act. The court reasoned that under section 7 of the Act the power to seek injunctive relief was in the Attorney General. (47 Ill. App. 3d at 277.) The court stated that if the legislature had intended to grant a private right of action for injunctive relief it would have explicitly done so in section 10A of the Act. (47 Ill. App. 3d at 277.) The court further reasoned that section 10A, although it allowed an award of actual damages "or any other relief

which the court deems proper," was limited by section 7 to preclude injunctive relief to private parties. (47 Ill. App. 3d at 277; see also *Jones v. Eagle II* (1981), 99 Ill. App. 3d 64, 74; *Bonner v. Westbound Records, Inc.* (1977), 49 Ill. App. 3d 543, 547.) We follow Brooks and its progeny and hold that plaintiffs were without authority under the Consumer Fraud and Deceptive Business Practices Act to obtain an injunction. Consequently, we hold that the injunction was wrongfully issued.

We additionally find that the injunction was wrongfully entered because it had the effect of changing the status quo.

██ █ To be entitled to a preliminary injunction, a party must show that (1) a certain and clearly ascertained right needs protection; (2) immediate and irreparable injury will occur if the preliminary injunction is denied; (3) no adequate remedy at law exists; and (4) there is a probability of success on the merits of the case. (*Delcon Group, Inc. v. Northern Trust Corp.* (1987), 159 Ill. App. 3d 275, 279.) Mandatory preliminary injunctions are not favored, and the only justification for such an order is to maintain the status quo where, if the status quo is not maintained, one party may suffer irreparable harm. (*Halvorsen v. Richter* (1976), 37 Ill. App. 3d 344, 346; see also *Deisenroth v. Dodge* (1953), 350 Ill. App. 20, 22.) The status quo to be preserved is the last actual, peaceable, uncontested status which proceeded the pending controversy. *Lindsey v. Board of Education* (1984), 127 Ill. App. 3d 413, 419.

██ No matter when one considers the last peaceable moment to be, the drainage system that defendants were ordered to install did not exist. Thus, by ordering defendants to create something that did not previously exist, the preliminary injunction changed the status quo.

Although defendants have propounded several other contentions as to why the injunctions may have been inappropriate, we feel that there is no need to address these contentions given our statements above.

For the reasons set forth above we reverse the order granting the preliminary injunction and remand for a hearing on the complaint and any amendments which may be made to it.

Reversed and remanded.

DUNN and NASH, JJ., concur.