**Emmett Moore, Plaintiff-Appellant, v. Albert C. Peters, Township of Wheeling, a Body Politic and Corporate, and Francis Brosseit, Defendants-Appellees.**

Gen. No. 53,299.

First District, Fourth Division.

December 24, 1969.

Wahler & Pecyna, of Chicago (Daniel W. Pecyna and Edward R. Davis, of counsel), for appellant.

No brief for appellees.

MR. JUSTICE STAMOS delivered the opinion of the court.

This is an appeal by plaintiff from a judgment entered upon a direction of a verdict in favor of defendants. The sole issue raised on appeal addresses itself to the propriety of the trial court's denial of a petition for change of venue.

Plaintiff in the pursuance of his appeal has complied with the statutory requirements and rules of this court. No appearance or brief was filed in this court by defendants, despite this fact we will consider this appeal

on its merits. Daley v. Jack's Tivoli Liquor Lounge, Inc., 118 Ill App2d 264, 254 NE2d 814 (1969).

Plaintiff's cause of action was assigned to Judge David A. Canel for trial by the assignment court. The assignment was made on May 2, 1968 at approximately 1:30 p. m. and at 2:00 p. m., plaintiff and defendants appeared before Judge Canel at which time plaintiff initially presented a petition for a change of venue from Judge Canel and nine other judges, and then a motion for a short continuance because it was alleged that the attorney who was to litigate the matter was engaged in trial in another courtroom.

Judge Canel in response to the petition for a change of venue advised plaintiff that "if anybody that does not want to try a case before me for any reason, I do not want them." Judge Canel then promptly reassigned the matter to the assignment judge and denied the motion for a continuance. All the parties then returned to the assignment court where plaintiff renewed his petition for a change of venue and motion for a short continuance, both were denied and the case reassigned to Judge Canel.

Upon the second appearance that day before Judge Canel plaintiff again presented his petition for a change of venue which was denied. The court proceeded to the selection of a jury and the opening statement of defendant.

The court thereupon adjourned the matter until the following day, May 3, 1969, at 9:30 a. m. at which time, plaintiff having failed to adduce any evidence in his behalf, the court directed the jury to return a verdict in favor of defendants. The court's order recited ". . . plaintiff having renewed his petition for change of venue which said petition was again overruled. . . ."

The record discloses that the petition was in conformity with the statute, Ill Rev Stats, c 146, § 1 (1967)

and under the statute and the decisions, we hold that the petition for change of venue when initially presented to Judge Canel should have been allowed.

In Howarth v. Howarth, 47 Ill App2d 177, 181, 197 NE2d 736 (1964) this court said:

> "It has been held that the right to a change of venue on account of the alleged prejudice of the trial judge is absolute if the requirements of the statute are met."

In Hinduliak v. Inn of Four Lakes, Inc., 98 Ill App2d 42, 48, 240 NE2d 532 (1968) this court said:

> "Where a petition for change of venue on the ground of prejudice is presented in due time and in proper form, the court is without power to render any further order except in connection with the order allowing the change of venue."

We are aware of attendant abuses of the change of venue statute but we noted in Howarth, supra, page 180:

> "Under the statute in the controlling cases the hands of the judge are tied and he must forthwith grant the change of venue."

We are compelled to reverse the trial court and remand this cause of action, with directions to grant the initial petition for change of venue and to vacate all orders entered after May 2, 1968, including the judgment.

Reversed and remanded with directions.

DRUCKER, P. J. and LEIGHTON, J., concur.