ELEANOR EDELMAN et al., Plaintiffs-Appellants, v. LEE OPTICAL COMPANY, INC., et al., Defendants-Appellees.

(No. 59998;

First District (5th Division)—November 22, 1974.

Edward A. Berman, of Chicago (Schlifkin and Berman, of counsel), for appellants.

Hoffman & Davis, of Chicago (Maurice L. Davis and Alvin L. Kruse, of counsel), for appellees.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiffs, individually and as class representatives, filed an amended complaint alleging essentially the use of misleading merchandising techniques by defendants. Defendants moved to strike and dismiss. The court below found that the suit was "not properly maintainable as a class action" and struck the amended complaint, granting leave "to the five named plaintiffs to file an amended complaint stating their individual claims for relief against defendants." This plaintiffs failed to do, electing to stand on their class claim, and the suit was dismissed.

On appeal plaintiffs raise three contentions: (1) defendants' motion to strike and dismiss was not in conformance with section 45 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 45); (2) even if defendants' motion was in conformance with section 45, the suit is properly maintainable as a class action; and (3) they had standing to sue under both the common law and statute.

The amended complaint alleged that the named plaintiffs purchased single-vision lenses and eyeglass frames from defendants for prices ranging from $15.90 to $32 during 1972. Defendants are engaged in the retail optical business in Illinois. Since 1967 defendants have been advertising that a purchaser could obtain single-vision glasses for one low price. Their newspaper advertisements appearing in 1972 stated:

> "OUR ONE LOW PRICE INCLUDES: single vision clear or tinted lenses; your choice of any frame in our entire selection of modern frame styles and colors: carrying case."

Similar representations appeared in their shop windows and showrooms. It was further alleged that advertising in this manner was part of defendants' "*modus operandi* for doing business with plaintiffs and the class they represent" and that plaintiffs relied upon defendants' published representations of "one low price" for single-vision glasses.

Plaintiffs brought this action on behalf of themselves and all those who bought or will buy single-vision glasses from defendants for prices in excess of $8.95 or one to be set by the court.* In seeking injunctive relief and refunds for the amounts charged by defendants over $8.95 or a court-determined price, plaintiffs alleged that defendants had employed false and deceptive advertising practices and misrepresented ma-

---

* $8.95 was apparently the lowest price at which single-vision glasses could be purchased from defendants.

terial facts with the intent that they and members of their class rely on such misrepresentations and that these activities constitute common-law fraud and violations of the fraudulent sales provisions of the Sales Act (see Ill. Rev. Stat. 1971, ch. 121½, par. 157.1 *et seq.*), the Consumer Fraud Act (Ill. Rev. Stat. 1971, ch. 121½, par. 261, *et seq.*) and the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1971, ch. 121½, par. 311, *et seq.*).

*Opinion*

■■ Plaintiffs contend that defendants' motion to strike and dismiss their amended complaint should have been denied because it did not conform to the requirements of section 45 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 45). Basically they argue that no reasons appear in the motion to support its conclusions and therefore it is insufficient. We believe plaintiffs' contention to be without merit.

Defendants' motion stated:

"Now comes the Defendant, LEE OPTICAL COMPANY, INC., an Illinois Corporation, and TERMINAL-HUDSON OF ILLINOIS, INC., an Illinois Corporation, doing business as KING OPTICAL, by their attorney, and pursuant to Section 45 of the Illinois Civil Practice Act, move this Honorable Court to strike and dismiss the Amended Complaint in the above entitled cause for failure to state a cause of action and for lack of the requisite common question of fact necessary to establish a class as a matter of law, and in support of said Motion submit the attached Memorandum of Law."

The memorandum, physically attached as part of the motion, fully explained the grounds on which it was based. Both the court and plaintiffs were thus apprised of the basis of the motion and consequently the requirements of section 45 were met.

Plaintiffs next contend that the court below erred in ruling that the action is not maintainable as a class action.

It is well established that an action may not be maintained as a class action if the claims of the individual members of the class are based on separate and distinct questions of fact. (*Peoples Store of Roseland v. McKibbin*, 379 Ill. 148, 39 N.E.2d 995; *Newberry Library v. Board of Education*, 387 Ill. 85, 55 N.E.2d 147; *Hagerty v. General Motors*, 59 Ill.2d 52; *Rice v. Snarlin, Inc.*, 131 Ill.App.2d 434, 266 N.E.2d 183; *Highsmith v. Allstate Insurance Co.*, 17 Ill.App.3d 615, 308 N.E.2d 204, 308.) Thus it is required "that the claims of the purported members of a class action arise from the same transaction and from transactions so similar that they are tantamount to the same transaction." *Highsmith*, at 617.

This principle was illustrated in *Rice* in which a complaint was filed by a model and her mother alleging a violation of the Consumer Fraud Act by defendant in that it misrepresented and omitted or concealed material facts in its contract to place the model's name, address and telephone number in a directory listing to be sent to 500 companies. The plaintiffs sought damages and injunctive relief on behalf of themselves and, as class representatives, all those who had contracted with defendant. In affirming the dismissal of the class action we held that the claim of each member of the class was dependent upon the facts surrounding the solicitation and negotiation of her individual contract and, therefore, since the nature of the defendant's representations may well have varied, the "plaintiffs and the members of the class they seek to represent fail to share the requisite common question of fact." *Rice*, at 443.

■■ In the instant case, as in *Rice*, plaintiffs and the members of the class they seek to represent failed to share a requisite common question of fact. Specifically, each count of their complaint is dependent upon proof of reliance by purchasers of single-vision glasses on defendants' alleged misrepresentations. The claim of each member of the class is dependent upon a demonstration that he had knowledge of defendants' advertisements and was led into believing he could purchase any style of single-vision glasses for one low price. Clearly, where plaintiffs' class claims are essentially predicated on an allegation of false and misleading advertising, reliance is an essential element of their case, yet the class they seek to represent includes persons who may not have relied upon, or even seen, defendants' advertisements. We believe that a determinative question of fact is not common to the class and therefore this action is not properly maintainable as a class action.

■ Finally, plaintiffs contend that under both the common law and statute they have standing to bring this action. Although this issue was raised in defendants' motion to strike and dismiss, the court below, in entering its order, did not address itself to it. Rather, the trial court's decision was based solely on a finding that the action is not properly maintainable as a class action. Since issues not decided below are not properly before the appellate court, we do not have jurisdiction over this matter. *Goodrich v. Sprague*, 376 Ill. 80, 32 N.E.2d 897; see also *Lind v. Spannuth*, 9 Ill.2d 311, 137 N.E.2d 360; *In re Estate of Green*, 16 Ill.2d 598, 158 N.E.2d 610.

For the foregoing reasons the judgment entered below is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.