IRMCO HOTELS CORP., Plaintiff-Appellee, *v.* WILEY SOLOMON, Defendant-Appellant.

(No. 58576;

First District (1st Division)—March 17, 1975.

Fiffer and D'Angelo, of Chicago (Stephen L. Berger, of counsel), for appellant.

No brief filed for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

■■ This is an appeal from an order denying defendant's motion pursuant to section 72 of the Civil Practice Act to vacate a judgment by confession. No appearance or brief has been filed in this court by the plaintiff. We need not, therefore, consider this cause on the merits. We choose, however, to do so. *Moore v. Peters*, 118 Ill.App.2d 285, 254 N.E.2d 821.

The defendant entered into a residential lease with Investors Realty & Management Corp. for a term commencing October 1, 1971, and ending September 30, 1973, with respect to an apartment at 5421 South Ellis Avenue, Chicago. The lease contains the following confession of judgment clause:

"27. Lessee does hereby irrevocably constitute any attorney of any Court of Record in any State or of the United States, attorney for him and in his name, from time to time, to waive the issuance of process and service thereof, to waive trial by jury, to confess judgment in favor of Lessor, his heirs, executors, administrators or assigns, and against Lessee, for the amount of rent which may be in default by virtue of the terms hereof, together with the costs of such proceedings, and a reasonable sum, but at no time less

than Ten Dollars, for plaintiff's attorney's fees in or about the entry of said judgment, and for said purposes to file in said cause his cognovit thereof, and to make an agreement in said cognovit, or elsewhere, waiving and releasing all errors which may intervene in any such proceeding, and waiving and releasing all right of appeal and right to writ of error, and consenting to an immediate execution upon such judgment. If there be more than one Lessee this warrant of attorney is given jointly and severally and shall authorize the entry of appearance of, waiver of issuance of process and trial by jury by and confession of judgment against any one or more of such Lessees, and shall authorize the performance of every other act in the name of and on behalf of any one or more of such Lessees, and Lessee hereby confirms all that said attorney may lawfully do by virtue hereof."

On July 17, 1972, a judgment by confession was entered against Mr. Solomon for $754.50 for unpaid rent and attorney's fees.

On September 5, 1972, Mr. Solomon was served with an alias summons to confirm the judgment and on September 11, 1972, he filed his appearance in response to the summons. A subsequent motion was made pursuant to section 72, Illinois Civil Practice Act, to vacate the judgment by confession. The motion was heard and denied and this appeal followed.

The statute in controversy provides:

"(3) Any person for a debt bona fide due may confess judgment by himself or attorney duly authorized, without process. The application to confess judgment shall be made in the county in which the note or obligation was executed or in the county in which one or more of the defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants. A judgment entered by an court in any county other than those herein specified has no force or validity, anything in the power to confess to the contrary notwithstanding." Ill. Rev. Stat. 1971, ch. 110, par. 50(3).

The defendant raises two related arguments challenging the constitutionality of the Illinois statute regarding confession of judgment (Ill. Rev. Stat. 1971, ch. 110, par. 50(3)): (1) that it allows a deprivation of property without due process of law because of the lack of any provision for notice and hearing prior to rendition of judgment; and (2) that the execution of a document containing a warrant of attorney with power to confess does not contain a *prima facie* waiver of the right to notice and hearing prior to judgment.

Both arguments were urged before the Illinois Supreme Court in a

case in which the confession of judgment statute was found not to be unconstitutional *per se*. (*First National Bank v. Keisman*, 47 Ill.2d 364, 265 N.E.2d 662.) The court found that the parties were knowledgeable businessmen and that the record did not reveal any defect in the defendants' waiver of their right to process before judgment. The defendant here is, in essence, urging us to reconsider these arguments in light of subsequent cases.

The contractual provisions by which the plaintiff is released from the. the duty to serve process on the defendant are couched in such terms as to effectuate a waiver of the defendant's right to notice and a hearing. That the statute allows such a release is the basis for the attack on its constitutionality. The defendant concedes that constitutional rights may be waived. That these rights may be waived by contract is axiomatic.

The defendant argues that recent cases involving prejudgment garnishment of wages and nonwage property militate against continued enforcement of section 50(3) of the Civil Practice Act. He cites *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 23 L.Ed.2d 349, 89 S.Ct. 1820, and *Scott v. Danaher* (N.D. Ill. 1972), 343 F.Supp. 1272, in support of this contention. Both cases involved statutes authorizing the "freezing" of the defendant's property without notice or hearing, prior to a disposition of the merits of the plaintiff's claim. The defendants were deprived of the use of the property until such time as a hearing was held. Both courts determined that such a "taking" violated the fourteenth amendment to the United States Constitution. The defendant here asks us to apply the reasoning in those cases to the statute on confession of judgment.

The *Sniadach* case did not involve a confession of judgment. The *Scott* case did. Although the court in *Scott* noted the absence of a requirement in Illinois' confession statute for notice and hearing prior to judgment, it directed its decision toward the lack of a notice requirement in the garnishment statute, when the garnishment statute is invoked to satisfy a judgment by confession.

■■ We find nothing in the cited cases which compels a departure from the Illinois Supreme Court's previous pronouncement on the defendant's first argument. Recognizing the defendant's right to notice and a hearing prior to being deprived of any significant property interest (including a money judgment against him) and the fact that he was free to contract away that right, we cannot say that a statute permitting the implementation of that waiver is unconstitutional per se.

Having thus decided, we need not discuss the defendant's argument that the provisions for reopening the judgment by confession (Ill. Rev.

Stat. 1973, ch. 110A, par. 276) are not enough to satisfy the fourteenth amendment requirements. The volumes containing the Illinois supreme and appellate court opinions show that the trial courts and the courts of review afford adequate opportunity for consideration in accordance with the factual situations presented by petitions to vacate or to open judgments by confession. In the instant case the defendant sought relief by his motion to vacate under section 72 of the Civil Practice Act. We do not agree with the argument of defendant that the poor consumers are denied access to the courts to contest judgments by confession.

■■ We now consider the defendant's second argument, that a document containing a warrant of attorney with power to confess does not amount to a *prima facie* waiver of the right to notice and hearing before judgment. The cases cited in support of this proposition do not go as far as the defendant urges us to go. The United States Supreme Court has determined that a waiver of constitutional rights must, at the very least, be clear as to its legal consequences. Only after it has been found to be clear is it necessary to investigate whether the one against whom judgment was confessed knowingly and voluntarily waived notice and hearing. (*Fuentes v. Shevin*, 407 U.S. 67, 32 L.Ed.2d 556, 92 S.Ct. 1983.) The court has indicated that the factual context is what determines whether an effective waiver has been executed in a document containing a confession of judgment clause. (*D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 31 L.Ed.2d 124, 92 S.Ct. 775.) We find that the defendant's argument for a presumption against waiver—so that a confession of judgment pursuant to contractual authorization cannot stand—is beyond the scope of existing precedent. In some factual situations valid waiver will be found to exist; in others, it will not. This is the present state of the law and we find no reason to depart from it.

■■ Turning to the facts in the instant case, we note that there is nothing in the record to support the defendant's claim that *his* waiver was not effectively executed. Nor does he argue facts on this appeal in support of his claim; instead, he makes general statements about the typical consumers against whom judgment may be confessed. We need not consider this issue, then, since we have no factual basis upon which to determine that this defendant did not effectively waive his rights to notice and a hearing, and the trial court's denial of the motion to vacate is presumed to be supported by the evidence heard. *Mid-States Finance Co. v. Redman*, 111 Ill.App.2d 107, 248 N.E.2d 789.

For the reasons stated, the judgment is affirmed.

Judgment affirmed.

GOLDBERG and EGAN, JJ., concur.