JEFFREY S. MAGRO, Plaintiff-Appellee, *v.* CONTINENTAL TOYOTA, INC., Defendant-Appellant.

First District (5th Division) No. 61968

Opinion filed February 13, 1976.—Modified upon denial of rehearing April 5, 1976.

2

Halfpenny, Hahn & Roche, of Chicago (Thomas F. Roche, James F. Flanagan, and Louis R. Marchese, of counsel), for appellant.

Samuel M. Chappell, of Chicago, for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court as modified upon denial of petition for rehearing:

Defendant appeals from an interlocutory order denying its motion to dismiss the class action allegations in plaintiff's complaint. It contends that the trial court erred when it allowed plaintiff to continue this suit as a class action.

Plaintiff brought this action individually and on behalf of all other customers of defendant "who had their automobiles or motor vehicles serviced or repaired by the defendant and as an incident to said service or repair had tangible personal property transferred to said automobiles or motor vehicles and who were charged and paid a service occupation tax upon said tangible personal property at the retail price rather than the cost price as provided for by law." His complaint alleged that his claim was typical of the claims of the class, that joinder of all members would be impractical, and that it would be unfair to require each member to bring a separate suit.

Plaintiff's complaint further alleged that defendant was a "serviceman" under the Service Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 439.101 et seq.); that defendant serviced plaintiff's automobile on July 17, 1973, and improperly computed the tax due by applying the tax rate to the retail price of the property transferred to his automobile, rather than to the cost price of the property as required by the Act; that defendant improperly computed and collected the tax from all its customers; and that section 3 of the Service Occupation Tax Act allows plaintiff to claim a refund directly from the serviceman. (Ill. Rev. Stat. 1973, ch. 120, par. 439.103.) He prayed for a judgment restraining defendant from collecting the tax based upon any amount other than the cost price, an accounting of all excess monies collected, distribution of this excess to the class members, and an award of reasonable attorney's fees.

On September 17, 1974, defendant filed a motion to dismiss the class action on the grounds that plaintiff's complaint did not present common questions of law and fact between plaintiff and the members of the class.

On January 30, 1975, the trial court denied defendant's motion and certified the following question of law for interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1973, ch. 110A, R. 308.):

"Whether persons coming within the purview of the provision of the Service Occupation Tax Act which grants civil recovery for the overcharge of monies purporting to be tax collections constitute a single class so as to be properly represented by a named plaintiff in a class action suit."

This appeal followed.

Opinion

■■ Defendant contends that the trial court erred when it allowed plaintiff to continue this suit as a class action. It argues that since each customer's contract must be proved to determine whether that customer was engaged in either a retail sale or a sale of service, the required community of interest between class members cannot be satisfied. In order to

maintain a class action a community of interest in both the subject matter and the remedy sought must be shown to exist. (*Newberry Library v. Board of Education*, 387 Ill. 85, 55 N.E.2d 147; *Peoples Store of Roseland v. McKibbin*, 379 Ill. 148, 39 N.E.2d 995.) Among the factors to be considered in deciding whether the required community of interest exists are whether the class members share a common question of law and fact; whether the claims arise from the same transaction or from transactions so similar that they are tantamount to the same transaction; whether the named party can adequately represent the rights of the class; and whether the number of class members renders separate litigation impossible or impractical. *De Phillips v. Mortgage Associates, Inc.*, 8 Ill. App. 3d 759, 291 N.E. 2d 329; *Moseid v. McDonough*, 103 Ill. App. 2d 23, 243 N.E.2d 394.

■■ We believe that the instant suit satisfies the community of interest requirement when judged by these factors. All of the members of the class share the common question of whether the tax rate was applied to the correct basis as required by the Service Occupation Tax Act.

■■ While all claims do not arise from exactly the same transaction, the transactions are so similar as to be considered the same. (See *Edelman v. Lee Optical Co.*, 24 Ill. App. 3d 216, 320 N.E.2d 517.) The record discloses that defendant's customers were issued a common automotive dealer's receipt which lists the charges for service and for replacement parts separately. Given this receipt, it can be readily determined if a given transaction was solely a sale of parts for which the tax rate should be applied to the retail price or a sale of parts incident to some service for which the rate should be applied to the cost price.

■■ Defendant has not argued that plaintiff inadequately represents class. Since the record in this cause has not been fully developed due to the interlocutory nature of this appeal, we will not speculate on matters which can only come to light as the case proceeds to trial. We note in passing, however, that plaintiff's right to sue the serviceman directly as provided in section 3 of the Service Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 439.103), as amended by Public Act 77—1019 in 1971, has been limited by our Supreme Court's recent decision in *Adams v. Jewel Companies, Inc.*, 63 Ill.2d 336. In *Adams*, the court held that absent unjust enrichment of the retailer from the improper overcharge of taxes, the procedural prerequisites of payment under protest, a common fund of tax monies, and joinder of the State as a necessary party as stated in *Hagerty v. General Motors Corp.*, 59 Ill.2d 52, 319 N.E.2d 5, would apply. Thus, if upon remand the trial court finds that the overcharge, if any, has already been paid to the State, we be-

lieve that *Adams* and *Hagerty* would then apply to the instant case and would bar further proceedings.

Finally, we believe that this class action affords a procedural vehicle for streamlining litigation which would otherwise be too impractical to bring as separate suits by each class member. The individual overcharges vary greatly. Although some are undoubtedly quite small, collectively they may be quite a large amount. When the clear intent of the legislature is to provide a legal right of redress in the individual purchaser, we believe the procedural vehicles of the judicial system must be flexible enough from a practical standpoint to provide an accessible forum to protect that right.

We recognize that *Reardon v. Ford Motor Co.*, 7 Ill. App. 3d 338, 287 N.E.2d 519, and *Heller v. Fergus Ford, Inc.*, 15 Ill. App. 3d 868, 305 N.E. 2d 352, *aff'd on other grounds*, 59 Ill. 2d 576, 322 N.E.2d 441, have held automobile sales and repairs to be separate and distinct transactions which defeat a class action suit. In *Reardon*, three individuals attempted to represent over 4 million purchasers of Ford and Mercury automobiles with allegedly defective front wheel suspension systems. Since the sales varied throughout the 50 states with regards to price, advertising, selling techniques, trade-in-allowances, etc., and since no common fund existed, this court found that the requisite community of interest did not exist. In *Heller*, plaintiff represented all customers who had purchased automobiles equipped with pollution control equipment and had been charged a tax under the Use Tax Act and the Retailers' Occupation Tax Act, despite an exemption in the Acts for such equipment. The court stated that since there was a question of fact as to whether a particular part was or was not part of the emission control system, the transactions were too dissimilar to maintain a class action. In the instant case, however, the limited size of the potential class and the simplicity of the transactions involved, as demonstrated in the record by plaintiff's receipt, make the factual vagaries and impossibilities of the *Reardon* and *Heller* cases distinguishable from the case at bar.

Moreover, *Hagerty v. General Motors Corp.*, 59 Ill. 2d 52, 319 N.E.2d 5, is further distinguishable from this cause. There, the court held that when the right to recovery by class members is not established by a judgment in favor of the named representative, but requires separate proof of each transaction to determine if the rate was applied to the retail or the cost price, a class action could not be maintained. Here, the class can be defined well in advance of judgment. A judgment in plaintiff's favor, if the trial court should so hold, would then clearly establish a right of recovery in the class members and would settle a substantial

number of claims which would otherwise go unheard or, if brought individually, would add to an already overburdened trial court calendar. We believe that the court's reasoning in *Harrison Sheet Steel Co. v. Lyons,* 15 Ill. 2d 532, 538, 155 N.E.2d 595, should control the unique factual situation presented by this case. The court there said that "[w]here it appears that the common issue is dominant and pervasive, something more than the assertion of hypothetical variations of a minor character should be required to bar the action." *Harrison Sheet Steel Co. v. Lyons,* 15 Ill. 2d 532, 538, 155 N.E.2d 595, 598.

For the reasons stated above, we affirm the trial court's denial of defendant's motion to dismiss and remand this cause to the circuit court for further proceedings not inconsistent with this opinion.

Affirmed.

DRUCKER and SULLIVAN, JJ., concur.