STEPHEN LEVY, Plaintiff-Appellant, *v.* J. C. PENNEY COMPANY, INC., Defendant-Appellee.

First District (4th Division)    No. 61831

Opinion filed April 28, 1976.

Alvin R. Becker, of Chicago, for appellant.

Keith F. Bode, Richard T. Franch, and Ronald R. Peterson, all of Chicago (Jenner & Block, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff filed his complaint individually and as a class action alleging that defendant collected a Service Occupation Tax (Ill. Rev. Stat. 1971, ch. 120, par. 439.101 *et seq.*) based upon the retail price rather than the cost price of repair parts as provided for by law. The trial court entered an order denying plaintiff's motion for a determination that this is a proper class action and granted a summary judgment in favor of plaintiff and against defendant in the amount of 43 cents and plaintiff's costs. Plaintiff appeals contending that the trial court erroneously dismissed his class action allegations. Defendant cross-appeals asserting that the trial court erroneously entered judgment in favor of plaintiff on his individual claim.

The invoice attached to the complaint above shows that on February 29, 1972, defendant adjusted the engine of plaintiff's car. The bill showed the following breakdown of the total charge of $34.74:

| | |
|---|---|
| Parts | $17.39 |
| Service | 16.48 |
| Tax | .87 |
| | |
| Total | $34.74 |

Defendant thus collected a tax of 5% of the *retail* price of the parts installed in plaintiff's car (*i.e.,* $17.39 x .05 = $0.87). Plaintiff alleges in his complaint that, since this was a service transaction incident to which parts were installed, the tax should have been based on the *cost* price of the parts, not the *retail* price. Defendant answered plaintiff's interrogatories with an estimated aggregate dollar volume of its sales of automotive parts incident to service transactions for each year from February 1, 1967, to January 31, 1973, and an estimated aggregate tax collected on the sales of these parts. On January 17, 1975, the trial court denied plaintiff's motion for a class action determination, and entered summary judgment for the named plaintiff for 43 cents and costs. This appeal followed.

Plaintiff relies on *Magro v. Continental Toyota* (No. 61968, filed on February 13, 1976) and defendant looks to *Hagerty v. General Motors Corp.* (1974), 59 Ill. 2d 52, 319 N.E.2d 5.

*Hagerty* adhered to the long-recognized rule that, in the absence of statute, taxes paid voluntarily, though erroneously, cannot be recovered. The *Hagerty* transaction had occurred in 1967, a time when no such statute was in existence. *Magro* found that a plaintiff who voluntarily paid the wrongfully charged tax had standing to sue since section 3 of the Service Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 439.103) as amended by P.A. 77—1019 in 1971, now gives the plaintiff and the class members the legal right to claim a refund directly from the serviceman who erroneously collects the overcharge. However, subsequent to *Magro,* our supreme court has interpreted section 3 of the Use Tax Act 77—1020. (*Adams v. Jewel Companies, Inc.* (1976), 63 Ill. 2d 336, 348 N.E.2d 161.) *Adams* found the Use Tax to be a "codification of prior decisions of the court later summarized in *Hagerty v. General Motors. Corp.* relating to a retailer's liability for collection of excessive tax charges." (*Adams,* 63 Ill. 2d 336, 346.) The amendment thus permits a purchaser a direct cause of action against the retailer only when the retailer is unjustly enriched by retaining the excessive tax charges he did not remit to the Department of Revenue. After the opinion was filed in *Adams,* the opinion in *Magro* was modified to be in full compliance with *Adams. Magro v. Continental Toyota, Inc.* (1976), 37 Ill. App. 3d 1, 344 N.E.2d 675.

■■ Plaintiff in the case before us paid the Service Occupation Tax

voluntarily on February 29, 1972. In addition it is unrefuted that defendant paid the amount from the excessive tax charge to the State. Therefore, since defendant was not unjustly enriched, plaintiff who voluntarily paid the tax cannot recover. Plaintiff had available to him the same remedy available to the plaintiffs in both *Hagerty* and *Adams*. See *Crane Construction Co. v. Symons Clamp & Manufacturing Co.* (1962), 25 Ill. 2d 521, 185 N.E.2d 139; *Snyderman v. Isaacs* (1964), 31 Ill. 2d 192, 201 N.E.2d 106.

Plaintiff contends that the trial court erred when it dismissed the class action allegations from this proceeding. He asserts that a community of interest exists in the subject matter (the overcharge by defendant of its customers) and in the remedy requested (the refund of such overcharge).

Our courts have often referred to the requirement of a community of interest in the subject matter and the remedy. (*Harrison Sheet Steel Co. v. Lyons* (1959), 15 Ill. 2d 532, 155 N.E.2d 595.) A further consideration in deciding whether or not a class action may be brought is the fact taxes are voluntarily paid and remitted to the State. *Adams v. Jewel Companies, Inc.* (1976), 63 Ill. 2d 336, 348 N.E.2d 161; *Hagerty v. General Motors Corp.* (1974), 59 Ill. 2d 52, 319 N.E.2d 5.

■■ The facts in the case at bar closely resemble those in *Hagerty*. In both cases the named representative of the purported class paid a tax for a transaction involving both a sale of parts and a sale of service. In both cases the defendant claims to have paid the amount of the excessive tax charge to the State. In neither situation was the defendant unjustly enriched as was the defendant in *Harrison Sheet Steel Co.* Defendant in the case before us admits that it was a serviceman in the transaction concerning the named representative and that it charged him a tax based upon the retail price rather than the cost price as required by the Service Occupation Tax Act. However, the need still remains to look to the circumstances of each particular sale to determine whether that sale constituted a sale at retail or a sale of service. Furthermore, a significant factor in determining whether this class action can be brought is the fact that the taxes were voluntarily paid and remitted to the State. We find the required common interest of the purported class members in the questions involved to be lacking. No class action can therefore be maintained.

For the foregoing reasons we reverse the judgment of the trial court on plaintiff's complaint individually and affirm the trial court's dismissal of the class action portion of plaintiff's complaint.

Reversed in part; affirmed in part.

JOHNSON, P. J., and DIERINGER, J., concur.