LLOYD L. ARNOLD, Plaintiff-Appellant, *v.* H. FRANK OLDS, INC., Defendant-Appellee.

First District (2nd Division)    No. 61973

Opinion filed June 21, 1977.

Samuel M. Chappell, of Chicago, for appellant.

Bloom & Denberg, Ltd., of Chicago (Harvey N. Levin, of counsel), for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Lloyd L. Arnold, brought an action in the circuit court of Cook County against defendant, H. Frank Olds, Inc., seeking an injunction and other relief individually and on behalf of all other persons who had their automobiles serviced by defendant and were charged service occupation tax based upon the retail price of the parts installed in the automobile incident to such service rather than on defendant's cost price as authorized by section 3 of the Service Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 439.103). Defendant moved to dismiss the class action allegations of the complaint on the grounds that the suit did not present common questions of law and fact between plaintiff and the other members of the purported class. The trial court granted defendant's motion and plaintiff's action was dismissed. This appeal followed.

Plaintiff presents two issues for our consideration: (1) whether the complaint contains sufficient allegations of fact to establish a cause of action with respect to plaintiff's individual claim; and (2) whether the complaint is legally sufficient to support this class action.

On March 17, 1971, defendant performed certain services on plaintiff's automobile, including the repair of a hood latch, the installation of windshield washer fluid and the replacement of a shift indicator bulb. The breakdown for labor, parts and tax was:

| | |
|---|---|
| Labor | $8.75 |
| Parts | 4.25 |
| Sales Tax | .21 |
| Total | $13.21 |

It was alleged in the complaint that defendant was a "serviceman" in the context in which that term is defined in the Service Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 439.102); that defendant was authorized to charge its customers a service occupation tax at the rate of 5% of the cost price of tangible personal property transferred by defendant as an incident to a "sale of service" performed by it on the automobiles of its customers (Ill. Rev. Stat. 1973, ch. 120, par. 439.103); and that it is the continuing common practice of defendant to compute said tax based upon the retail price of the tangible personal property transferred by it rather than upon the cost price of such property. It was further alleged that plaintiff's claim against defendant was typical of the claim of each member of the class, except for the amount of alleged tax overcharge in each instance; that questions of both law and fact with respect to the claim of each member of the class are identical to the issues raised by plaintiff's claim; that the size of the class renders the joinder of all class members impractical; and that it would be manifestly unfair to

require each member of the class to commence suit separately. In addition to other relief prayed for by plaintiff, plaintiff sought an injunction restraining defendant from collecting said tax computed upon a basis of any amount other than the cost price of tangible personal property transferred by defendant, an accounting of all excess monies collected by defendant, and a distribution of such excess revenue to members of the plaintiff class.

Plaintiff bases his claim for recovery, both individually and as representative of the class, upon section 3 of the Service Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 439.103). That section, in relevant part, reads as follows:

> "If any supplier collects Service Occupation Tax measured by receipts which are not subject to Service Occupation Tax, or if any supplier, in collecting Service Occupation Tax measured by receipts which are subject to tax under this Act, collects more from the purchaser than the amount of the Service Occupation Tax on the transaction is, the purchaser shall have a legal right to claim a refund of such amount from such supplier. If any serviceman collects an amount (however designated) which purports to reimburse such serviceman for Service Occupation Tax liability measured by receipts or cost prices which are not subject to Service Occupation Tax, or if any serviceman, in collecting an amount (however designated) which purports to reimburse such serviceman for Service Occupation Tax liability measured by receipts or cost prices which are subject to tax under this Act, collects more from the purchaser than the serviceman's Service Occupation Tax liability in the transaction is, the purchaser shall have a legal right to claim a refund of such amount from such serviceman. However, if any such amount is not refunded to the purchaser by a supplier or serviceman, as the case may be, for any reason, such supplier or serviceman is liable to pay such amount to the Department [of Revenue]. This paragraph does not apply to an amount collected by the supplier as Service Occupation Tax, nor to an amount collected by the serviceman as reimbursement for the serviceman's Service Occupation Tax liability, on receipts or cost prices which are subject to tax under this Act, as long as such collection is made in compliance with the tax collection brackets prescribed by the Department in its Rules and Regulations."

■■ Several recent cases have pertained to the same, or a similar remedy to that currently sought by plaintiff. (*Hagerty v. General Motors Corp.* (1974), 59 Ill. 2d 52, 319 N.E.2d 5; *Levy v. J. C. Penney Co.* (1976), 38 Ill. App. 3d 131, 347 N.E.2d 222; *Magro v. Continental Toyota, Inc.* (1976), 37 Ill. App. 3d 1, 344 N.E.2d 675, *rev'd* (1977), 67 Ill. 2d 157, 365

N.E.2d 328.[1] In *Levy,* the right of recovery accruing to a purchaser who alleges a tax overcharge by a serviceman was summarized as follows:

> "*Hagerty* adhered to the long-recognized rule that, in the absence of statute, taxes paid voluntarily, though erroneously, cannot be recovered. The *Hagerty* transaction had occurred in 1967, a time when no such statute was in existence. *Magro* found that a plaintiff who voluntarily paid the wrongfully charged tax had standing to sue since section 3 of the Service Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 439.103) as amended by P.A. 77-1019 in 1971, now gives the plaintiff and the class members the legal right to claim a refund directly from the serviceman who erroneously collects the overcharge. However, subsequent to *Magro,* our supreme court has interpreted section 3 of the Use Tax Act 77-1020. (*Adams v. Jewel Co.* (1976), 63 Ill. 2d 336, 348 N.E.2d 161.) *Adams* found the Use Tax to be a "codification of prior decisions of the court later summarized in *Hagerty v. General Motors Corp.* relating to a retailer's liability for collection of excessive tax charges. (*Adams,* 63 Ill. 2d 336, 346.) The amendment thus permits a purchaser a direct cause of action against the retailer only when the retailer is unjustly enriched by retaining the excessive tax charges he did not remit to the Department of Revenue. After the opinion was filed in *Adams,* the opinion in *Magro* was modified to be in full compliance with *Adams. Magro v. Continental Toyota, Inc.* (1976), 37 Ill. App. 3d 1, 344 N.E.2d 675." 38 Ill. App. 3d 131, 132, 347 N.E.2d 222, 223.

■■ Since it is unrefuted that plaintiff paid the service occupation tax to defendant, plaintiff would be entitled to maintain a cause of action on his individual claim against defendant, upon the authority of *Levy,* if defendant was unjust enriched by retaining the alleged excessive tax. However, we find that the record, with regard to this narrow point, has not been fully developed. Defendant's motion to dismiss pertained only to the propriety of plaintiff maintaining a class action suit. Examination of the record fails to establish whether defendant remitted all tax monies

---

[1] Both *Magro* and *Levy* pertained to alleged tax overcharges in contravention of the Service Occupation Tax Act. Although similar allegations were made in *Hagerty,* the revenue statutes which were scrutinized in that case were the Use Tax Act and the Service Use Tax Act.

We are not persuaded by plaintiff's argument that the rationale of *Hagerty* is inapplicable to the instant case for the reason that different revenue statutes were involved. The same remedy provided by the Service Occupation Tax Act upon which plaintiff now relies is also made available by both the Use Tax Act and the Service Use Tax Act. (Ill. Rev. Stat. 1973, ch. 120, pars. 439.3 and 439.33.) Consequently, it is the procedure whereby that remedy may be invoked, rather than the particular statute in question, to which we must direct our attention.

collected from its customers to the Department of Revenue. Consequently, plaintiff's individual claim was prematurely dismissed. If upon remand the court finds that the overcharge, if any, has been paid to the State, we believe that *Adams* and *Hagerty* would apply to the instant case and would bar further proceedings.

With respect to the propriety of the trial court's dismissal of the class action allegations of plaintiff's complaint, the recent decision of the Illinois Supreme Court in *Magro v. Continental Toyota, Inc.* (1977), 67 Ill. 2d 157, 365 N.E.2d 328, is dispositive.

■■ *Magro* presents a factual situation indistinguishable from that of the case at bar. In *Magro*, the plaintiff-purchaser filed a complaint which contained similar allegations of fact and the same prayer for relief as were advanced by plaintiff in the instant cause. Likewise, the defendant-serviceman in *Magro* filed a motion to dismiss the class action akin to that filed in the case at bar. The Illinois Supreme Court found the rationale of *Hagerty* applicable to such cases and held that the required common interest of the purported class members in the questions of law and fact raised by the pleadings was lacking. In each particular transaction involving a member of the class, two independent determinations would have to be effected in order to establish a right of recovery in each class member against the defendant-serviceman. First, the subject matter of the transaction would need to consist of a sale of service rather than a sale at retail. Second, a showing of unjust enrichment in the individual case is also required. As a consequence of this dual inquiry into each transaction, a decision sustaining the contentions of the representative of the class with respect to his individual claim against defendant would not necessarily establish a right of recovery in each member of the class. Thus, a primary purpose of class action litigation—judicial economy—would not be realized.

■■ Accordingly, that portion of the dismissal order entered by the circuit court dismissing the class action allegations contained in plaintiff's complaint is affirmed. With respect to plaintiff's individual claim for relief, the cause is reversed and remanded for further proceedings consistent with the views expressed herein.

Affirmed in part; reversed in part and remanded with directions.

DOWNING, P. J., and JIGANTI, J., concur.