SHIRLEY MAE VENEMA, Petitioner-Appellee, *v.* ALFRED J. VENEMA, Respondent-Appellant.

Second District   No. 78-293

Opinion filed August 1, 1979.

Gerald M. Sheridan, Jr., of Wheaton, for appellant.

John E. Mackay and Joel R. Nathan, both of Wheaton, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Shirley Mae Venema filed a complaint for divorce on February 11, 1975. On February 20, 1976, Alfred J. Venema filed an answer to Shirley Venema's complaint and on November 30, 1976, he filed a counterclaim for divorce and partition of the marital home which the parties owned in joint tenancy. On October 3, 1977, after various proceedings and continuances, the trial court entered a default order against Alfred J. Venema when he failed to appear on the date set for trial. Shirley Venema gave testimony at a default prove-up on the same day on both her grounds for divorce and matters of property division and support. On October 13, 1977, a motion to vacate the default order was filed; this motion was denied and on December 22, 1977, a judgment for dissolution of marriage, which awarded the parties' marital home to Shirley Venema, was entered. The trial court subsequently denied a motion by Alfred Venema to vacate the judgment. Alfred Venema appeals from the trial court's orders denying his motion to vacate the default order and the judgment for dissolution. On appeal, his primary contentions may be summarized as follows: (I) The trial court erred in failing to hold a bifurcated hearing as required by section 403(e) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 403(e)); (2) The trial court committed reversible error when it entered the default order since an appearance and answer were on file and Alfred Venema was thus not in default, and (3) The trial court abused its discretion in failing to grant Alfred Venema's motions to vacate the default order and judgment for dissolution.

In view of our holding on the other questions, it is unnecessary for us to reach the merits of Alfred Venema's contention that the trial court erred in failing to hold a bifurcated hearing.

Although it would appear that it was error for the trial court to enter an order of default against the party who had an answer and counterclaim on file (see *Chen v. DeLaCruz* (1978), 67 Ill. App. 3d 313; *Bland v. Lowery* (1976), 43 Ill. App. 3d 413; *Koenig v. Nardello* (1968), 99 Ill. App. 2d 480), the court's action was of little practical importance under the circumstances, since it was necessary for Shirley Venema to introduce proof of her grounds for divorce with practically the same formality as if

no default order had been entered. (See, *e.g.*, 24 Am. Jur. 2d *Divorce & Separation* §425 (1966).) Although the default order foreclosed any further participation in the proceedings by Alfred Venema, this was of little import since Mr. Venema was not present anyway; the Illinois Marriage and Dissolution of Marriage Act requires proof of grounds even where the defendant is in default (Ill. Rev. Stat. 1977, ch.40, par. 405), and a subsequent motion by Mr. Venema to reopen the proofs would have raised substantially the same questions as to whether he had notice, etc., which were raised by his motion to vacate the default order. The hearing on October 3, 1977, and resulting judgment would thus have been the same, had the court not entered a default order, but simply proceeded to hear the plaintiff's proofs. See Hunter's Trial Handbook for Illinois Lawyers §8:10 (4th ed. 1972).

■■ The remaining question is a very close one. Did the trial court abuse its discretion in refusing to vacate the judgment for dissolution? On the one hand, a trial court's refusal to set aside a judgment order is presumptively correct. (See, *e.g.*, *Irmco Hotels Corp. v. Solomon* (1975), 27 Ill. App. 3d 225.) On the other hand, "[i]t is a fundamental principle of law that judgments by default are not encouraged and should be employed only as a last resort." (*Dienthal v. Branovacki* (1974), 23 Ill. App. 3d 726, 728.) Further, it has been held that

" * * * the overriding consideration in vacating judgments pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 50(5)) is whether or not substantial justice is being done between the litigants, and this consideration overrides and supersedes the questions of a meritorious defense and whether there exists a reasonable excuse for the delay in asserting it." (*Ingersoll Aluminum Products Co. v. Busse* (1977), 49 Ill. App. 3d 1015, 1017.)

We have determined to resolve this issue on the side of the strong policy toward giving litigants their day in court.

A number of factors commend the conclusion that substantial justice would be served by reversing the default order and judgment and remanding the matter for a hearing on the merits. The record reflects that counsel for Mr. Venema withdrew from the case by leave of court on September 1, 1977. Notice of the petition to withdraw had been sent to Alfred Venema at his business address and to the address of the parties' marital home by certified mail. A copy of the order authorizing counsel to withdraw, as well as a letter from counsel informing Mr. Venema of the October 3 trial date, was also mailed to the marital home. Yet, it is uncontradicted that Alfred Venema had not resided at the parties' marital home for some time. A verified motion subsequently filed by Mr. Venema states that he did not receive any of these documents and had no actual

notice either of the withdrawal of his counsel or of the October 3 trial date, and the record contains no return receipts for the notices of the motion to withdraw, which were sent to Alfred Venema's business address and marital home by certified mail. Of course, if Alfred Venema were unaware of his counsel's withdrawal, it would be reasonable for him to assume that his attorney would inform him of any trial date.

Furthermore, these facts were, in substance, brought to the trial court's attention as early as October 13, 1977, prior to the entry of the judgment of dissolution. It appears that the attorney who had withdrawn from representing Alfred Venema on September 1, 1977, happened to be in the courtroom on another matter during the default prove-up on October 3, 1977, and subsequently phoned Mr. Venema and told him of the proceeding. Alfred Venema informed counsel that he had not received notice of the October 3 trial date or counsel's withdrawal. The attorney thereafter filed a motion to vacate the default order, which was heard on October 13, 1977, and subsequently denied; the judgment for dissolution was entered on December 22, 1977.

The motion to vacate this judgment, filed by Alfred Venema on January 12, 1978, makes allegations of substantial inaccuracies in the testimony of Shirley Venema at the prove-up. The most important asset the parties acquired during their long marriage, the marital home which Alfred Venema asserts was worth $125,000, was awarded exclusively to Mrs. Venema. While we cannot say that the judgment of dissolution was erroneous or unfair on its face, it is clear that there were two sides in this case and that the trial court only heard one of them.

While these facts provide strong support for a reversal of the trial court's order denying vacation of the judgment, certain other aspects of the case mitigate against such a holding. From the record it appears that on two occasions, prior to October 3, 1977, the case had to be continued when Alfred Venema failed to appear on the date set for trial. Alfred Venema's counsel alleged in his petition to withdraw that Mr. Venema was uncooperative. It may also be inferred that Mr. Venema insulated himself from the service of notices of the litigation by failing to receive certified mail addressed to him. It is these factors which formed the basis for the trial court's refusal to vacate the judgments and the trial court's position in that regard is understandable.

■■ Nonetheless, there is nothing in the record to indicate that vacating the default and judgment, and requiring the parties to go to trial on the merits, would have imposed any great hardship on Mrs. Venema and, in fact, her counsel implied that he was prepared to present his proofs at a contested hearing, if this was necessary. While, as we have said, we attach no great importance to the default order itself, it is clear that the order was erroneous and may have clouded the trial court's thinking in passing

upon Alfred Venema's motion to vacate the judgment for dissolution. Under all of the circumstances, it is our opinion that the trial judge erred in failing to vacate the default order and judgment for dissolution.

The orders of the circuit court of Du Page County denying the motion to vacate the default order and judgment for dissolution are reversed and the cause remanded.

Reversed and remanded.

SEIDENFELD and WOODWARD, JJ., concur.