*In re* MARRIAGE OF EVELYN WEISS, Petitioner-Appellant and Cross-Appellee, and FREDERICK WEISS, Respondent-Appellee and Cross-Appellant.

First District (3rd Division)   Nos. 79-1188, 79-2071 cons.

Opinion filed August 13, 1980.

Muller Davis and Roderick E. MacRae, both of Chicago (Davis, Jones & Baer, of counsel), for appellant.

Wexler & Wexler, of Chicago (Errol Zavett, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, Evelyn Weiss, and respondent, Frederick Weiss, were married on April 3, 1941. In 1973, petitioner instituted proceedings for divorce under the former Divorce Act (Ill. Rev. Stat. 1973, ch. 40, pars. 1 through 32 (repealed)). Respondent's countercomplaint for divorce was later withdrawn. After the effective date of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 101 through 802), petitioner filed a supplement to her amended petition for dissolution

of marriage adding count IV. Petitioner appeals from an order of the trial court dismissing count IV for failure to prove jurisdiction as required by section 401(1) of the new act and declining to dispose of motions pending under that count. Petitioner also appeals from orders allowing respondent to withdraw his countercomplaint. In a second appeal, petitioner appeals from an order striking her motions for a restraining order and for temporary support and fees pending appeal. Respondent cross-appeals from the trial court's refusal to include in the order of dismissal a finding that petitioner failed to prove respondent guilty of mental cruelty, and the court's refusal to strike and dismiss petitioner's request for increased temporary support.

On March 10, 1977, petitioner filed an amended three-count complaint for divorce. She alleged, in relevant part, that the parties had been bona fide residents of Illinois for more than one year prior to filing the original complaint, and that respondent was guilty of extreme and repeated mental cruelty. Respondent filed an answer denying the material allegations in the amended complaint and pleading various affirmative defenses. Respondent also filed an amended countercomplaint for divorce alleging the parties' Illinois residency and charging petitioner with extreme and repeated mental cruelty.

Trial commenced on May 5, 1977. Petitioner, the sole witness, stated that the parties were then and had always been residents of Illinois except for the first four years of her life. During cross-examination of petitioner, the parties represented that a settlement was about to be concluded. Consequently, the trial was suspended and the cause continued. Soon thereafter, respondent's counsel and one of petitioner's counsel died. As a result, no settlement was concluded.

On October 1, 1977, the new act became effective and, pursuant to section 801(b), became applicable to this pending action. On July 26, 1978, to bring the proceedings within the new statutory provisions, petitioner filed a pleading designated "supplement to amended petition for dissolution of marriage" containing count IV. Count IV alleged in pertinent part that petitioner and respondent had been residents of Illinois for 56 and 68 years, respectively; that they were married in Illinois; and that respondent had been guilty of extreme and repeated mental cruelty without cause. Count IV also contained the following allegation:

> "Petitioner and Respondent are now domiciled in the State of Illinois, were domiciled in the State of Illinois at the time of the filing of the cause of action, and have been domiciled in the State of Illinois for more than 90 days. The jurisdictional requirements of the Illinois Marriage and Dissolution of Marriage Act therefore exist, and there exist grounds for the dissolution of the marriage of the parties."

Petitioner requested a dissolution of the marriage, support and fees, and a determination of the parties' property rights.

On January 18, 1979, respondent filed an answer to count IV providing, in relevant part, as follows:

> "[Respondent] admits the parties are now domiciled in the State of Illinois and were domiciled for more than ninety (90) days prior to the commencement of this case * * *, but further answering, [respondent] denies that [petitioner] has a cause of action or that there exist grounds for the dissolution of marriage of these parties."

Respondent denied that he was guilty of extreme and repeated mental cruelty. On that same day, the trial court, over petitioner's objection, granted respondent's motion to withdraw his countercomplaint.

Since settlement had not been achieved, trial resumed on February 5, 1979. Respondent's counsel recommenced cross-examination of petitioner and elicited information concerning her conduct toward respondent. There was no redirect examination, and petitioner then rested. Respondent submitted a motion for judgment. On March 2, 1979, the trial court orally indicated that count IV would be dismissed because petitioner failed to introduce evidence establishing jurisdiction under section 401.1 of the new act which deals with domicile, and failed to prove a prima facie case of extreme and repeated mental cruelty. The court repeated its jurisdictional finding on April 11, 1979. On April 17, 1979, the trial court entered a written order that petitioner failed to prove that the court had jurisdiction; that the court was thus deprived of the power to dispose of the motions pending under count IV; and that there was no just reason for delaying enforcement or appeal of the order. The court dismissed count IV, and reassigned the case for a determination of any unresolved issues raised in the other counts of petitioner's amended complaint. The order did not contain a finding as to whether petitioner proved grounds for dissolution. The parties then filed their respective notices of appeal and cross-appeal.

Thereafter, petitioner renewed a motion for a rule to show cause and arrearages, and filed a motion for temporary support and fees pending appeal. She also filed a petition for a restraining order preventing respondent from entering the marital home. Respondent filed a motion to strike these petitions urging, in part, that the court could not grant such relief because it had no jurisdiction over the cause. On September 10, 1979, Judge Robert C. Buckley granted respondent's motion to strike the petitions. Petitioner also appeals from this ruling.

Petitioner contends that the trial court erred in ruling that she had failed to prove jurisdiction as required by section 401(1) of the Illinois Marriage and Dissolution of Marriage Act. Ill. Rev. Stat. 1977, ch. 40, par. 401(1).

■■ We reject respondent's threshold argument that petitioner has waived the right to contest this jurisdictional finding because she failed to object to the ruling when it was announced by the court. On March 2, 1979, and April 11, 1979, the court stated that count IV would be dismissed on the ground that jurisdiction had not been established. On April 17, 1979, the court entered such an order. Petitioner was under no duty to object or make an offer of proof concerning jurisdiction in order to preserve her right to appeal the adverse ruling.

We turn to petitioner's contention that the court erred in concluding that she did not prove jurisdiction. Section 401(1) of the act provides, in relevant part:

"The court shall enter a judgment of dissolution of marriage (formerly known as divorce) if: (1) the court finds that one of the parties, at the time the action was commenced, was domiciled in this State * * *, and that the domicile * * * has been maintained for 90 days next preceding the makings of the findings; * * *" Ill. Rev. Stat. 1977, ch. 40, par. 401(1).

■■■ Petitioner urges that the requirements of proof of domicile were established by her testimony at trial and admissions in the pleadings. In May 1977, her undisputed testimony disclosed that she was currently residing in Illinois and had so resided for more than 50 years prior to filing the complaint for divorce. Under the former act, petitioner needed only to prove residence in Illinois for the requisite period of time in order to confer jurisdiction on the court. The new act required that one party be "domiciled" in Illinois. Yet when trial resumed, no evidence was presented to demonstrate that petitioner was domiciled in Illinois. As used in the former act, "residence" is not synonymous with "domicile." (*Rosenshine v. Rosenshine* (1978), 60 Ill. App. 3d 514, 377 N.E.2d 132.) Residence denotes one's permanent abode (*Rosenshine*), while domicile has been defined as the place where a person lives and has his true permanent home, to which he intends to return whenever he is absent. (*Owego Community Consolidated School District No. 434 v. Goodrich* (1960), 28 Ill. App. 2d 407, 171 N.E.2d 816.) A person can have only one domicile, and once he establishes a domicile or permanent residence he retains it until a new one is established. (*Owego Community Consolidated School District No. 434 v. Goodrich.*) Even if, based on petitioner's testimony, it could be found that petitioner was, in fact, a domiciliary of Illinois in May 1977, such testimony would not be conclusive of her domiciliary status when count IV was considered in 1979.

■■ The pleadings do set forth pertinent allegations of domicile for the years 1978 and 1979. In count IV of the supplement to the amended petition for dissolution of marriage, petitioner alleged that the parties

were then domiciled in Illinois, were so domiciled at the time the action was filed, and had been Illinois domiciliaries for more than 90 days. In his answer, respondent admitted that the parties were domiciled in Illinois and had been so domiciled for more than 90 days prior to commencement of the action. Also, petitioner alleged, as required by section 403(a), that the jurisdictional requirements of section 401(1) existed. Respondent's failure to deny this allegation constitutes an admission that the jurisdictional requirements were met. The pleadings thus admitted facts sufficient to find that the parties were domiciled in Illinois at the time the action was commenced and that they were so domiciled for a period of 90 days. See *Myers v. Myers* (1977), 51 Ill. App. 3d 830, 366 N.E.2d 1114.

Respondent urges, however, that, in addition, petitioner must prove facts affirmatively showing that she has maintained her domicile in Illinois for 90 days "next preceding," or immediately prior to the court's making its "findings." Here, the court's "findings" were rendered orally on March 2, 1979, and April 11, 1979, when the court ruled that petitioner had not proved, by evidence, the jurisdictional requirements set forth in section 401(1), and that count IV, containing a request for dissolution, thus would be dismissed. Respondent suggests that neither petitioner's testimony nor the pleadings established that petitioner remained domiciled in Illinois for a 90-day period immediately prior to March 2, 1979, and that absent such proof, the court lacked jurisdiction to grant a dissolution of marriage.

Following the logic of respondent's argument, the 90-day jurisdictional requirement could be satisfied only by evidence introduced on the day of the court's findings demonstrating that petitioner had remained an Illinois domiciliary for the last 90 days. Under this interpretation, if the court's findings are not made at the conclusion of trial, a petitioner would be required to repeat or submit additional proof of domicile on the day findings are in fact rendered regardless how much time has elapsed since the completion of witnesses' testimony.

We believe such interpretation of section 401(1) is overly technical and not warranted by the underlying purposes of the provision. Section 401(1) is modeled after section 302(a)(1) of the Uniform Marriage and Divorce Act. The commissioners' comment accompanying section 302 indicates that the provision essentially requires the court to find that one party to the marriage has established an appropriate connection with the State. The comment continues:

> "The 90 day period * * * is intended to be continuous * * *. It may be started at any time, but it must exist at the commencement of the action and it must have been maintained for 90 days next proceeding the findings by the court. Obviously, dependent upon circumstances, it may commence, effectively, sometime before the initiation of the action. One who has just entered the forum

state may commence the proceeding immediately, thus enabling the court to enter such temporary orders as are necessary to protect the rights of the parties. Since the test is domicil, the party need not remain physically present throughout the 90 day period, so long as he has acquired no new domicile." (9A Uniform Marriage and Divorce Act §302(a)(1), at 122-23 (1979).)

The fact that the party need not remain physically present during the 90-day period appears inconsistent with the notion that the litigant is required to resubmit proof of domicile on the day of the court's findings. In addition, section 403(a)(3) requires a petitioner to set forth that the jurisdictional requirements of section 401(1) exist. Moreover, the apparent purpose of a 90-day requirement prior to the findings rather than prior to commencement of the action is to allow a newly arrived litigant to obtain temporary relief even though the 90-day durational requirement has not yet vested. See Auerbach, *An Introduction to the New Illinois Marriage and Dissolution of Marriage Act*, 66 Ill. Bar J. 132, 133 (1977); *1971 Midyear Report and Recommendation of the Family Law Section to the ABA House of Delegates on the Uniform Marriage and Divorce Act*, 5 Fam. L. Quarterly 133, 165-66 (1971).

As respondent points out, the language of the provision implies that the court can be divested of jurisdiction if the party abandons his domicile in Illinois after commencing suit but within 90 days of findings by the court. In the present case, however, there was no evidence to suggest that petitioner abandoned her residence or domicile in Illinois at any time prior to the findings.

■■ After reviewing the record, we believe petitioner established an appropriate ongoing connection with the State of Illinois and that the trial court should have found it had jurisdiction to consider count IV. Petitioner has resided in Illinois for more than 50 years. The pleadings admitted that she was a domiciliary of Illinois at the time the action was commenced and for a durational period exceeding 90 days. No evidence was offered to show that petitioner established a new domicile at any time prior to the court's findings. Under such circumstances, petitioner's failure to introduce evidence when the trial resumed in 1979 that she was an Illinois domiciliary was not fatal to the court's exercise of jurisdiction. Having concluded that petitioner proved jurisdiction as required by section 401(1), it is unnecessary to consider petitioner's argument that once jurisdiction attached over the other three counts under the Divorce Act, the trial court had continuing jurisdiction to decide count IV, which was filed pursuant to the new act.

Petitioner next contends that the trial court erred in permitting respondent to withdraw his countercomplaint for divorce. She claims that the dismissal was prejudicial because it deprived her of an opportunity to

confess to the jurisdiction and grounds for divorce alleged in the countercomplaint.

Section 52 of the Civil Practice Act provides that a plaintiff may dismiss his action prior to trial, but once a counterclaim is pleaded by a defendant, the plaintiff may dismiss only if defendant consents. Counterclaimants may dismiss upon the same terms and conditions as plaintiffs. (Ill. Rev. Stat. 1977, ch. 110, par. 52; *Myers v. Myers* (1977), 51 Ill. App. 3d 830, 366 N.E.2d 1114.) Dismissal after trial has begun is within the court's discretion. (See *Juen v. Juen* (1973), 12 Ill. App. 3d 284, 297 N.E.2d 633.) The purpose of section 52 is to prevent a voluntary dismissal where it would be unfair or unjust to the other party to permit it. *Juen v. Juen.*

■■ We do not believe petitioner was prejudiced by the withdrawal of the countercomplaint. Contrary to petitioner's assertion, she could not have obtained a dissolution of marriage merely by confessing to allegations in the countercomplaint. First, the countercomplaint did not contain all the factual allegations required of a petition for dissolution. More importantly, the act requires proof of grounds for dissolution even where one party is in default. (*Venema v. Venema* (1979), 74 Ill. App. 3d 416, 393 N.E.2d 72.) Petitioner could not compel respondent to present proper and sufficient proof of the existence of grounds. Accordingly, the court did not abuse its discretion in allowing respondent to withdraw his countercomplaint for divorce.

Respondent urges on cross-appeal that the trial court was correct in its jurisdictional ruling but contends that it erred nonetheless in declining to enter a finding that petitioner failed to prove respondent was guilty of extreme and repeated mental cruelty. On March 2, 1979, the court made the statement that petitioner had not supported, by evidence, a case of mental cruelty. On April 11, 1979, the judge retreated from that position, indicating that once he had concluded that the court had no jurisdiction, he had no authority to make other findings. Although the issue whether petitioner had proved extreme and repeated mental cruelty was raised in respondent's motion for judgment, the trial court did not address the issue in entering its order holding that it had no jurisdiction. Matters not decided by the trial court are not properly before the reviewing court. (*Edelman v. Lee Optical Co.* (1974), 24 Ill. App. 3d 216, 320 N.E.2d 517; *Trisko v. Vignola Furniture Co.* (1973), 12 Ill. App. 3d 1030, 299 N.E.2d 421.) Thus we are unable at this time to rule on the issue whether petitioner proved respondent guilty of extreme and repeated mental cruelty.

Respondent further appeals from the trial court's refusal to grant the relief sought in his motion to strike and dismiss petitioner's December 27, 1978, motion for increased temporary support. In his motion to strike,

filed on March 28, 1979, respondent argued that in view of the court's dismissal of count IV, petitioner's right to increased support was barred by section 501(d)(3) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 501(d)(3)). Since we find that count IV should not have been dismissed, the refusal to grant respondent's motion to strike was not error.

■■ In view of our holding that the court had jurisdiction to consider count IV, we remand the cause for consideration of the issues raised therein and for disposition of petitioner's motions for a rule to show cause and arrearages, and for increased temporary support pending under count IV. We further conclude that the September 10, 1979, order striking petitioner's various requests for temporary relief pending appeal was final and appealable. (See *Bates v. Ulrich* (1976), 38 Ill. App. 3d 203, 347 N.E.2d 286.) Consequently, upon remand, the trial court also should consider the motions for a restraining order and for temporary support and fees.

For the foregoing reasons, the order of the circuit court of Cook County dismissing count IV of the supplement to the amended petition for dissolution of marriage is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

SIMON and RIZZI, JJ., concur.